■ MANCHESTER EQUIPMENT COMPANY, INC., Respondent, v PANASONIC INDUSTRIAL COMPANY, a Division of MATSUSHITA ELECTRIC CORPORATION OF AMERICA, Appellant.—In an action to recover damages for breach of contract and fraud, the defendant appeals from an order of the Supreme Court, Suffolk County (DiNoto, J.), entered November 5, 1987, which denied its motion to dismiss the plaintiff's amended complaint.

Ordered that the order is reversed, on the law, with costs,

the motion is granted and the amended complaint is dismissed.

In September 1985, the plaintiff Manchester Equipment Company, Inc. (hereinafter MECI) and the defendant Panasonic Industrial Company (hereinafter PIC) entered into a contract which provided that MECI was to be a "non-exclusive wholesale distributor" of PIC's products. The contract further provided: *"Notwithstanding anything to the contrary herein, PIC reserves the unrestricted right to solicit and make direct sales of the Products to anyone, anywhere,* and to appoint additional distributors of the Products and/or dealers, sales agents or sales representatives for the Products in the Territory and elsewhere, *as in PIC's best judgment may from time to time be desirable, without any obligation to* DISTRIBUTOR *of any kind, including, without limitation, for any commissions or other charges upon or in respect of any such sale or sales"* (emphasis supplied).

The contract also contained a merger clause which stated that the agreement superseded "any and all prior agreements, oral or written", and that there were no "representations * * * covenants, agreements or collateral understandings" between the parties that were not expressly contained in the contract.

In October 1985, PIC began to make direct sales of its products to two of MECI's established customers. MECI then commenced this action to recover damages for breach of contract and fraud, alleging that it had received oral assurances from PIC's regional manager that PIC would not sell directly to MECI's established customers. The contract was appended to the complaint.

PIC subsequently moved to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]). The Supreme Court denied the motion, finding that the complaint contained "potentially viable, substantive, and particular allegations sufficient to withstand" PIC's motion. We now reverse and grant PIC's motion.

The causes of action alleged in the complaint, sounding in breach of contract and fraud, were completely undermined and rendered legally insufficient by the very terms of the contract which was appended to the complaint and incorporated by reference into the complaint. The contract expressly permitted PIC to sell to "anyone, anywhere". Thus, the claim that PIC breached the contract by selling directly to MECI's established customers was indisputably contradicted by the language of the contract and, thus, failed to state a viable

cause of action (CPLR 3211 [a] [7]). The provisions of the contract establishing the rights of the parties prevail over the conclusory allegation of the complaint (see, 805 Third Ave. Co. v M. W. Realty Assocs., 58 NY2d 447, 451; Marine Midland Bank v Thurlow, 53 NY2d 381; Rodolitz v Neptune Paper Prods., 22 NY2d 383, 386).

Similarly, the unequivocal terms of the contract undermine the cause of action sounding in fraud. The "provisions of the written contract which directly contradict the allegations of oral representations" must be taken into account in evaluating a fraud claim, and a "specific disclaimer" of reliance upon "representations as to the very matter as to which [a party] now claims it was defrauded" precludes recovery for fraud (Danann Realty Corp. v Harris, 5 NY2d 317, 319, 320). In the instant case, MECI's allegations of promissory fraud are inconsistent with the provisions of the merger clause (para 18.1) of the contract that it "put its signature to" (Citibank v Plapinger, 66 NY2d 90, rearg denied 67 NY2d 647). In so signing, MECI agreed that PIC could sell its products to "anyone, anywhere", and that "all prior agreements, oral or written", had been superseded by the writing. Mangano, J. P., Bracken, Eiber and Spatt, JJ. concur.