■ THOMAS J. BURKE, Respondent, v JOHN H. OWEN et al., Individually and as OWEN DAVIES AND ASSOCIATES, Appellants. —Harvey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered January 16, 1990 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

This action alleging negligent and fraudulent misrepresentation arises out of plaintiff's attempts to buy certain property and buildings located at United States Route 9 and State Route 155 in the Town of Colonie, Albany County. Defendant John H. Owen is a real estate broker and defendant Robert M. Godfrey is a real estate agent. Both are employed by defendant Owen-Davies and Associates, the listing agent for the subject property. Significantly, the property was encumbered with a lease for a Dunkin' Donuts restaurant located on the site. This lease was to expire in July 1988 unless the present lessee exercised an option to renew under the lease six months prior to its expiration. In January 1988, Godfrey contacted plaintiff's family with the idea of interesting them in buying the property because plaintiff already owned two or three Dunkin' Donuts restaurants in the area. A meeting was set up and the present Dunkin' Donuts lease on the property was discussed. It is disputed whether Godfrey affirmatively stated at this meeting that the lease had not been renewed or stated that the status of the option election was unknown.

At this meeting, plaintiff executed a purchase offer of $300,000 for the property, which was $125,000 below the seller's asking price. This offer was later rejected by the seller. Plaintiff's attorney then prepared a second purchase offer dated February 2, 1988 for $475,000, which was to expire by its own terms unless accepted by February 19, 1988. This offer was sent to the seller's attorney and was expressly made contingent upon the seller's warranting that the present lessee had not exercised its option to renew the lease. This offer was apparently not accepted, but plaintiff alleges that contact with defendants was maintained over the next five months whereby plaintiff was led to believe that the offer would be accepted at any time and the seller was still ready, willing and able to sell. Ultimately, plaintiff learned that the lessee of the prem-

ises had actually exercised the option to renew the lease. Plaintiff thereafter commenced this action alleging that defendants negligently and fraudulently represented that the property was to be unencumbered by the leasehold interest which plaintiff relied upon to his detriment. He claims that by defendants stringing him along and causing him to reject other possible business ventures he was damaged. Following joinder of issue, defendants unsuccessfully moved for summary judgment. Defendants now appeal.

We reverse. In our view, no material questions of fact concerning plaintiff's causes of action for fraudulent and/or negligent misrepresentation have been presented. Accordingly, summary judgment in defendants' favor should have been granted.

In order to prevail on his cause of action for fraudulent misrepresentation, plaintiff must prove that defendants made a knowing misrepresentation of fact for the purpose of inducing plaintiff to act or refrain from acting in reliance thereon and that plaintiff was damaged by such reliance (see, Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 407; 60 NY Jur 2d, Fraud and Deceit, § 26, at 463; 11 NY Jur 2d, Brokers, § 44, at 391). Here, plaintiff alleges that he relied to his detriment upon a knowing misrepresentation that the subject property was unencumbered by any leasehold interest. Regardless of whether such representations were made, the fact remains that the lack of reliance on plaintiff's part as to such a misrepresentation is apparent as a matter of law. Specifically, not only did the parties fail to enter into any contract at all, it is clear that plaintiff did not credit any representations on the part of defendants. The purchase offer included a clause mandating the lack of a leasehold encumbrance as a condition precedent to a valid contract. It is well settled that a person cannot obtain relief for fraudulent misrepresentation where he was not misled by the alleged misrepresentation or concealment (Smith v Russell Sage Coll., 78 AD2d 913, affd 54 NY2d 185; 60 NY Jur 2d, Fraud and Deceit, § 136, at 642-643). Since plaintiff clearly relied on his attorney's advice and judgment in drafting a purchase offer rather than in any representation made by defendants, no reliance has been established (see, 60 NY Jur 2d, Fraud and Deceit, § 137, at 644).

Among other reasons, this clear lack of an intent on plaintiff's part to rely upon any representation of defendants is also fatal to plaintiff's cause of action for negligent representation (see, Home Mut. Ins. Co. v Broadway Bank & Trust Co., 53

NY2d 568, 578; *White v Guarente,* 43 NY2d 356, 363; 60 NY Jur 2d, Fraud and Deceit, § 126, at 624-625, 627-628). Since the lack of reliance on plaintiff's part renders the causes of action in the complaint nonactionable as a matter of law, it is unnecessary to consider defendants' alternative contention that the damages alleged by plaintiff are too speculative to sustain his causes of action.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.