■ FORESITE PROPERTIES, INC., Plaintiff, v DONALD D. HALS-DORF et al., Defendants and Third-Party Plaintiffs-Respondents. F.J.E. ENTERPRISES, INC., Third-Party Defendant-Appellant.—Harvey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered February 8, 1990 in Albany County, which, *inter alia,* denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff, a real estate broker, commenced this action seeking to recover a brokerage commission allegedly owed arising out of the sale of defendants' property to third-party defendant, F.J.E. Enterprises, Inc. (hereinafter F.J.E.). According to plaintiff, rather than a written listing agreement, defendants verbally agreed to let plaintiff seek to obtain a buyer in exchange for 10% of the purchase price. Plaintiff alleges that, pursuant to this arrangement, it showed the property to several entities (including F.J.E.) and obtained a written purchase offer from one prospective buyer, which defendants rejected. Defendants dispute these allegations. However, in their third-party complaint originally seeking indemnification, defendants claim that F.J.E. induced them to enter into the contract by denying that plaintiff had anything to do with bringing about the sale. In its answer to the third-party complaint, F.J.E. essentially alleges that defendants had full knowledge of plaintiff's claim for a commission but nevertheless represented to F.J.E. that no broker brought about the sale of the real property.

Thereafter, F.J.E. brought a motion seeking summary judgment dismissing the third-party complaint and defendants cross-moved for permission to serve an amended third-party complaint. Supreme Court denied F.J.E.'s motion and granted defendants' motion to amend their complaint from one seeking indemnification to one essentially asserting fraudulent misrepresentation by F.J.E. This appeal by F.J.E. followed.

Initially, we find that Supreme Court did not abuse its discretion in allowing defendants to amend their third-party complaint *(see,* CPLR 3025 [b]) to allege a cause of action for fraudulent misrepresentation *(see, Burke v Owen,* 168 AD2d 722). As noted by Supreme Court, any claim by defendants for indemnification was fatally deficient due to the absence of any allegation that F.J.E. agreed to indemnify defendants against liability for brokers' commissions *(see, Soranno v Koppers Co.,* 10 AD2d 889, 890, *affd* 9 NY2d 658). However, although defendants' original claim against F.J.E. was ostensibly one for indemnification, the language in the complaint essentially alleged fraud since defendants alleged therein that F.J.E. enticed them into entering into the contract by lying to them. In fact, the language employed in both the original and amended complaints is almost identical, with the addition of more specific allegations of fraud in the amended complaint. Accordingly, it appears that there was no unfair surprise and, therefore, little prejudice could have accrued to F.J.E. by allowance of the amendment *(see, Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1044).

Turning to the issue of summary judgment, we find no error in Supreme Court's denial of F.J.E.'s motion for summary judgment dismissing the complaint. Summary judgment is a drastic remedy which should not be granted where there is any arguable doubt as to the existence of a triable issue *(Passonno v Hall,* 125 AD2d 767, 768). Clearly, issue finding and not issue determination is the key to the issue and all competent evidence must be examined in the light most favorable to the party opposing the motion *(supra; see, DiCocco v Capital Area Community Health Plan,* 159 AD2d 119, 123, *lv denied* 77 NY2d 802).

Here, although F.J.E.'s president, Frank Mesiti, asserts in his affidavit that plaintiff essentially brought the sale and he was deceived by defendants into assuming that plaintiff and defendants had no contract together, defendants' papers in opposition tell quite a different tale. According to defendant Catherine Halsdorf, Mesiti came by alone to see her at the subject property five months after he had been shown the property by plaintiff's representative, Walter Lotz, Jr. Mesiti allegedly assured Halsdorf that he had no connection with plaintiff and that Lotz had nothing to do with his renewed interest in the property. At a later meeting, Mesiti reportedly elaborated this story to Halsdorf by stating that he had actually learned about the property from Halsdorf's husband before being shown the property by Lotz, and he allegedly told

Lotz at that time that Lotz was "not introducing him to the property for the first time". Since we cannot say as a matter of law that Halsdorf's assertions in opposition do not create a triable question of fact concerning defendants' claim of fraudulent misrepresentation (see, CPLR 3212 [b]), Supreme Court did not err in denying F.J.E.'s summary judgment motion.

Order affirmed, with costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.