■ PATRICIA A. BOWER, Respondent-Appellant, v ATLIS SYS-

---

TEMS, INC., Appellant-Respondent.—Mercure, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered July 15, 1991 in Columbia County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was employed by defendant in Los Angeles, California, from August 1986 until August 1987, when she left defendant's employ for a higher paying position at Price Waterhouse. In October 1989, plaintiff moved from California and contacted defendant's executive vice-president, Roger Tamer, regarding the possibility of securing a position with defendant in New York City. During January and early February 1990, plaintiff had several telephone conversations with representatives from defendant and traveled to defendant's Maryland headquarters for an interview. At the same time, plaintiff pursued other employment opportunities and was eventually offered a position with a New York City law firm.

When plaintiff informed Tamer of the offer, he allegedly advised her to seek from Rich Brannan, defendant's vice-president of marketing, a salary package similar to the one she had received from Price Waterhouse. Tamer also allegedly assured plaintiff that, in the event that Brannan did not offer her a job, she would receive an offer from Doug Barrett, the president of one of defendant's divisions. Based upon the foregoing, plaintiff declined the employment offer from the law firm. Although plaintiff's discussions continued with defendant until early April 1990, she was ultimately informed that the two employment proposals prepared by Brannan and Barrett had been rejected by defendant's chairperson. Plaintiff thereafter commenced this action alleging causes of action for breach of contract and negligent misrepresentation. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion with respect to the breach of contract claim, but denied the motion as to the negligent misrepresentation claim. These cross appeals followed.

Initially, we agree with Supreme Court that defendant was entitled to summary judgment dismissing plaintiff's first cause of action for breach of contract. It is undisputed that the parties never entered into an employment contract and that defendant made plaintiff no offer of employment. Rather, plaintiff's breach of contract claim is based on defendant's alleged promise that an offer of employment, the material terms of which were not determined, would be forthcoming. In

the absence of definiteness or certainty as to material matters, defendant's alleged promise was nothing more than an unenforceable agreement to agree (see, *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 90-91; *Martin Delicatessen v Schumacher*, 52 NY2d 105, 109). Furthermore, even if we were to credit plaintiff's argument that the promise was made sufficiently definite by the representation that plaintiff's employment with defendant was to be "on terms substantially similar to what [she] had been receiving at Price Waterhouse", it is conceded that no agreement had been reached concerning the duration of plaintiff's proposed employment with defendant. That being the case, defendant could have terminated plaintiff's employment at any time and for any reason or no reason without giving rise to a breach of contract (see, *Sabetay v Sterling Drug*, 69 NY2d 329, 333-334; *O'Connor v Eastman Kodak Co.*, 65 NY2d 724, 725; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304-305; *Lerman v Medical Assocs.*, 160 AD2d 838, 839).

In our view, plaintiff's second cause of action is similarly flawed and should have been dismissed as well. In order to establish a claim for negligent misrepresentation, plaintiff was required to show that defendant had a duty, based upon some special relationship with her, to impart correct information, that the information was false or incorrect and that she reasonably relied upon the information given by defendant (see, *International Prods. Co. v Erie R. R. Co.*, 244 NY 331, 338, cert denied 275 US 527; *Pappas v Harrow Stores*, 140 AD2d 501, 504; see also, *Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417). Assuming, arguendo, that defendant owed plaintiff a duty, we do not construe defendant's alleged assurance of employment as the impartation of false information for her guidance (see, Restatement [Second] of Torts § 552 [1]), but merely as an expression of future expectation (see, *Channel Master Corp. v Aluminum Ltd. Sales*, 4 NY2d 403, 407; *Country-Wide Leasing Corp. v Subaru of Am.*, 133 AD2d 735, 736, lv denied 70 NY2d 615). Moreover, the fact that an at-will employee may be terminated without cause at any time negates plaintiff's claim of reasonable reliance (see, *Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 557-558). Accordingly, the complaint should have been dismissed in its entirety.

Mikoll, J. P., Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment as to the second cause of action in the complaint;

motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.