■ CARCO, INC., Respondent, v BELTRONE CONSTRUCTION COMPANY, INC., Appellant, and A. RITZ DEMOLITION & WRECKING, INC., Respondent, et al., Defendant.—Mikoll, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered June 4, 1991 in Albany County, which denied a motion by defendant Beltrone Construction Company, Inc. for summary judgment dismissing the complaint against it.

The primary questions presented on this appeal are whether plaintiff has alleged sufficient facts in its complaint to state a cause of action for breach of contract against defendant Beltrone Construction Company, Inc. and whether the pleadings and supporting papers demonstrate that there are issues of fact to be resolved at a trial.

Plaintiff is the owner of a bottle and can recycling and reprocessing facility which was partially destroyed by a fire on July 17, 1985. Shortly thereafter, plaintiff contracted with defendant Kasselman Electric Company, Inc. to perform emergency electrical work at the site, including rerouting temporary electrical service to undamaged portions of the facility. Plaintiff also contacted Beltrone, by letter dated August 6, 1985, requesting that it obtain a bid to demolish and rebuild the damaged building. The letter also indicated that plaintiff looked forward to signing a contract with Beltrone for such work as soon as the money was authorized by its insurance company.

Beltrone then entered into a contract with defendant A. Ritz Demolition & Wrecking, Inc. to perform the demolition work. Ritz began the work on August 13, 1985, and on that day a backhoe operated by one of its employees snagged an electrical cable causing damage to an electrical service panel located in an adjacent building. On August 14, 1985, plaintiff and Beltrone entered into the agreement to rebuild as mentioned in plaintiff's August 6, 1985 letter.

In January 1987 plaintiff commenced this action against Beltrone, Kasselman and Ritz to recover damages for the loss caused by the damage to the electrical service panel allegedly due to the negligence of defendants. Ritz asserted a cross claim against Beltrone and Kasselman in its answer. Beltrone also answered and then moved for summary judgment dis-

missing plaintiff's complaint and the cross claims lodged against it. Supreme Court, in its order and decision denying Beltrone's motion, ruled that while plaintiff's negligence claim against Beltrone was without merit, a viable cause of action for breach of contract existed and gave plaintiff permission to amend its complaint to so plead. This appeal by Beltrone followed.

Beltrone's contention that no cause of action for breach of contract exists is rejected. That Beltrone and plaintiff entered into a contract may be found from the letter of intent dated August 6, 1985. The contract executed August 14, 1985 could be found to reflect the terms of that contract. The work performed on August 13, 1985, when the cable was snagged damaging the electrical service panel, could be found to have been performed under that contract.

Beltrone's argument that its contract with Ritz requiring Ritz to "furnish all supervision" makes Ritz liable for the breach of contract may be refuted by proof that Beltrone assumed supervision of the work on August 13, 1985. There is testimony, given at an examination before trial, that a Beltrone employee told Ritz's owner that Ritz could proceed with the demolition work because all electrical power had been shut off. This testimony indicates that Beltrone may have assumed supervision of the work that day.

Supreme Court properly found that plaintiff's negligence claim was without merit. A mere breach of contract may not be the basis for a tort cause of action "unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 389). Supreme Court also did not abuse its discretion in permitting plaintiff to amend its complaint to allege a breach of contract cause of action insofar as the amended complaint does not prejudice or unfairly surprise Beltrone. The amended complaint only changes the theory of liability without adding any new facts to those pleaded in the original complaint (see, CPLR 3025 [b]; Foresite Props. v Halsdorf, 172 AD2d 929, 930; Babcock v Mann, 167 AD2d 572).

Beltrone's motion for summary judgment was therefore properly denied. Conflicting testimony presented factual questions as to what was said and what occurred, which should be resolved at trial and not on this summary judgment motion (see, Foresite Props. v Halsdorf, supra, at 930; Du Pont v Town of Horseheads, 163 AD2d 643, 644).

Yesawich Jr., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.