■ KATHLEEN BANGO et al., Individually and as Partners in MATERIAL GAINS PARTNERSHIP, Respondents, v MAUREEN A. NAUGHTON, Appellant.—Mercure, J. Appeals from an order and amended order of the Supreme Court (Kahn, J.), entered May 17, 1991 and July 17, 1991 in Albany County, which denied defendant's motion to dismiss the amended complaint for, *inter alia,* failure to state a cause of action.

The parties entered into a written contract for the sale of the assets of defendant's business, a retail store specializing in hand-painted clothing, to plaintiffs for $20,000. Nearly three years following the sale, plaintiffs brought this action to recover compensatory and punitive damages based upon the claim that defendant induced their purchase with false representations concerning her future ability to supply them with hand-painted clothing for sale in the store. The amended complaint pleads causes of action sounding in fraud, negligent misrepresentation and breach of a duty of fair dealing, and alleges that defendant falsely represented to plaintiffs that she had started a new business in which she and another partner would produce hand-painted apparel overseas and market the product in the United States through a home party network, that defendant intended to develop the new business into a nationwide company, and that the new business would establish plaintiffs as the exclusive area outlet for its "unique apparel inventory" and "compliment" plaintiffs' business by providing wide exposure to such apparel through its planned nationwide market network. The amended complaint further alleges that shortly after plaintiffs purchased defendant's business, defendant advised them that she had decided to terminate the new business and would not be able to supply them with any hand-painted apparel and that, absent defendant's representations concerning her ability to supply them with hand-painted garments, plaintiffs would not have purchased defendant's business.

Defendant moved to dismiss the complaint for failure to state a cause of action and based upon a defense founded upon documentary evidence (CPLR 3211 [a] [1], [7]), contending that the contract's express terms negated plaintiffs' claim of reliance upon defendant's alleged false oral representations. The contract provision forming the basis for defendant's contention reads as follows: "5. *Contingent Supplier.* [Defendant] agrees that she will supply [plaintiffs], at their request, with those items of inventory [defendant] offers for sale on a substantial retail basis in any new business she undertakes. * * * [Defendant] also convenants *[sic]* and agrees that she will not knowingly sell such merchandise to anyone or any business other than [to plaintiffs] which offers the merchandise for sale within a 100 mile radius of Saratoga Springs, New York. *It is hereby agreed and acknowledged that this supply arrangement is contingent upon [defendant] continuing in a new business to sell women's apparel* and is also contingent on [plaintiffs'] continued operation of the business" (em-

phasis supplied). Supreme Court denied defendant's motion and she now appeals.

We reverse. In our view, the parties have improperly focused upon the issue of whether the quoted contract language constitutes a "specific disclaimer" within the purview of *Danann Realty Corp. v Harris* (5 NY2d 317, 320-321). Rather, the rationale underlying the decisions of the Court of Appeals in *Danann Realty Corp. v Harris (supra)* and *Citibank v Plapinger* (66 NY2d 90, 95-96) applies in any case where, as here, an express provision in the written contract contradicts the claimed oral representations in a meaningful fashion. In such event, the conflict between the provisions of the written contract and the oral representations negates the claim of reliance upon the latter *(see, Marine Midland Bank v Cafferty,* 174 AD2d 932, 933; *Manchester Equip. Co. v Panasonic Indus. Co.,* 141 AD2d 616, 617-618, *appeal dismissed* 72 NY2d 954, *lv denied* 73 NY2d 703; *see also, Wittenberg v Robinov,* 9 NY2d 261, 264; *New York State Mtge. Loan Enforcement & Admin. Corp. v Coney Is. Site Five Houses,* 109 AD2d 311, 318, *appeal dismissed* 67 NY2d 1049; *New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767, 770-771). Absent the element of reliance, all of the causes of action pleaded in the complaint fail to state a cause of action *(see, International Prods. Co. v Erie R. R. Co.,* 244 NY 331, 338, *cert denied* 275 US 527; *Bower v Atlis Sys.,* 182 AD2d 951, 953; *Manchester Equip. Co. v Panasonic Indus. Co., supra; Burroughs Corp. v Datacap, Inc.,* 124 AD2d 622). Moreover, we agree with defendant that the representations alleged in the complaint were mere "expressions of future expectation" *(Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407; *see, Bower v Atlis Sys., supra,* at 953) and that plaintiffs have failed to allege a special relationship with defendant *(see, Bower v Atlis Sys., supra,* at 953; *Brown v Lockwood,* 76 AD2d 721, 733), thereby providing additional bases for dismissal of the causes of action.

Weiss, P. J., Mikoll and Levine, JJ., concur. Ordered that the order and amended order are reversed, on the law, with costs, motion granted and amended complaint dismissed.