BEVERLY CLANTON, Respondent, v PAUL VAGIANELIS et al., Appellants, et al., Defendants.

Third Department, January 7, 1993

---

## APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski,* Albany *(Susan DiBella Harvey* of counsel), for appellants.

*Englert, Stillman, Coffey, McHugh & Maggs,* Schenectady *(Dennis M. Englert* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, J.

In July 1985, plaintiff entered into a stock purchase agreement with defendants Paul Vagianelis, James Vagianelis and Angelo Solomos (hereinafter collectively referred to as defendants) whereby she agreed to purchase a majority of the outstanding stock in defendants' corporation, The Place For Steaks, Inc., which operated a restaurant of the same name in the Town of Clifton Park, Saratoga County. Under the agreement, plaintiff was to make a $7,000 nonrefundable deposit, to pay $60,877.07 in cash at closing, to execute a $38,000 promissory note to defendants, and to make an assignment of her right to principal and interest accruing under the terms of a mortgage she held on certain realty to a trust in order to guarantee a $70,913.95 debt of the corporation. All financial information regarding the corporation, namely, the cash disbursements and cash receipts journals and the income tax returns for the two years prior to the sale, the salary schedule and a list of bank accounts, were to be turned over to plaintiff for inspection prior to closing. The corporation agreed to give plaintiff, her counsel, accountants and others full access to the corporation's books, contracts, commitments, records and equipment and to provide other relevant information concerning the corporation's affairs.

While the foregoing information was available, plaintiff, contrary to the advice of counsel, did not have an accountant or other expert examine the corporation's financial records or the restaurant equipment. At closing, plaintiff signed an acknowledgment which stated that prior to closing she had free and adequate access to the corporation's financial records and to the premises for the purpose of inspecting the equipment but, contrary to the advice of counsel, chose not to exercise her option to conduct such examinations. It also provided that defendants had no objection to plaintiff's conducting professional inspections.* Plaintiff was represented by counsel at all stages of the negotiations, including at closing.

---

* The acknowledgment provided as follows:

"In accordance with the agreement dated, July 12, 1985, [plaintiff] acknowledges that previous to the date of closing she has had free and adequate access to the financial records of the corporation as delineated in paragraph 4-d of the agreement of sale and additionally has had free and adequate access to inspect the equipment located at the premises of [defendants] pursuant to paragraph 4-q of the contract of sale.

"[Plaintiff] indicates that she has not had an accountant or expert exam-

(n. cont'd)

Following the August 1985 closing, the corporation experienced financial difficulties and, in October 1985, evidently filed for bankruptcy. Thereafter plaintiff commenced this action alleging, *inter alia,* that defendants fraudulently misrepresented the corporation's financial situation, more particularly, its value, that it was operating at a profit, that its assets exceeded its liabilities, the nature of the liabilities and its expected future earnings potential, and that these misrepresentations induced her to purchase the majority interest. After joinder of issue and the completion of discovery, defendants moved for summary judgment contending principally that the acknowledgment plaintiff signed constituted a specific disclaimer which precluded her from now introducing parol evidence to establish that she relied upon the alleged oral misrepresentations. Supreme Court, concluding that the acknowledgment was not a specific disclaimer and that parol evidence was admissible, denied the motion. Defendants appeal.

We reverse. To establish a claim for fraudulent misrepresentation, the proponent must show the uttering of a known false representation which was made for the purpose of inducing another to act upon it and that the other justifiably relied upon it and suffered injury or damage *(see, e.g., Burke v Owen,* 168 AD2d 722, *lv denied* 77 NY2d 810). Here, the parties focus upon whether plaintiff is foreclosed from establishing the element of reliance by operation of the rule laid down in *Danann Realty Corp. v Harris* (5 NY2d 317) and *Citibank v Plapinger* (66 NY2d 90), that is, by virtue of the presence of a specific disclaimer of reliance clause contained in the agreement. While concededly this acknowledgment, unlike those in *Danann Realty Corp. v Harris (supra)* and *Rodas v Manitaras* (159 AD2d 341), contains no express statement that plaintiff was not relying upon any of defendants' oral representations concerning the corporation's financial soundness, and even assuming that such a disclaimer cannot properly be inferred from the underlying history and circumstances *(cf., Citibank v Plapinger, supra,* at 94-95), this is not the end of the inquiry. We have recently held that the rationale underlying *Danann*

---

ine the records or equipment in her own option after being advised by her own attorney to do so.

"Further, [plaintiff] acknowledges that [defendants have] no objection to a professional inspection of the records and equipment."

*Realty Corp. v Harris (supra)* and *Citibank v Plapinger (supra)* is not confined to cases involving specific disclaimers, but applies in any instance where an express provision in a written contract contradicts a prior alleged oral representation "in a meaningful fashion" *(Bango v Naughton,* 184 AD2d 961, 963 [June 18, 1992]). This conclusion rests on the fact that in such situations "the conflict between the provisions of the written contract and the oral representations negates the claim of reliance upon the latter" *(supra,* at 963).

In our view, this principle applies here and necessitates dismissal of the fraud claims. While, concededly, the acknowledgment language does not *expressly* contradict defendants' prior alleged oral misrepresentations regarding the corporation's income, assets, liabilities and projected future income, it is an express statement that plaintiff had certain delineated books and records available to her and makes clear that she had the means by which to ascertain the financial soundness of the corporation. Accordingly, plaintiff now cannot be heard to claim reliance upon any oral misrepresentation of facts, the falsity of which she could have uncovered by an examination of the financial records expressly delineated in the written acknowledgment *(cf., Vought v Teachers Coll.,* 127 AD2d 654; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778; *see generally,* 60 NY Jur 2d, Fraud and Deceit, §§ 143-144, at 653-657). Because plaintiff presents no evidence and the record is bereft of even any suggestion that all or part of defendants' alleged oral misrepresentations could not have been uncovered by an examination of the corporation's records, defendants are entitled to dismissal of the fraud claims denominated as the first, second and seventh causes of action in plaintiff's complaint.

Defendants are likewise entitled to summary judgment dismissing the remaining, nonfraud causes of action interposed against them. A review of plaintiff's deposition transcript contains express admissions that defendants did not engage in the actionable conduct alleged in the fourth and fifth causes of action. In addition, plaintiff's responding papers are devoid of any evidence sufficient to raise a triable issue of fact as to the breach of warranty allegations contained in the eighth cause of action. Finally, under the circumstances, there is no basis for the punitive damages claim asserted in the ninth cause of action.

YESAWICH JR., J. P., LEVINE, CREW III and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Paul Vagianelis, James Vagianelis and Angelo Solomos and complaint dismissed against them.