■ GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant, v CAROL F. DESBIENS, Respondent. [623 NYS2d 939] —Cardona, P. J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 11, 1993 in Albany County, which denied plaintiff's motion for summary judgment.

On July 3, 1986, defendant entered into a retail installment contract to purchase a new car from Smith Pontiac-GMC Truck Center, Inc. The contract was thereafter assigned to plaintiff. In November 1988, the parties entered into a refinancing agreement which lowered defendant's monthly payment but kept all of the other terms of the original agreement intact.

Defendant made her required monthly payments through June 1990, but thereafter defaulted in July, August and September 1990. On September 6, 1990, defendant voluntarily surrendered the vehicle and signed a repossession agreement which acknowledged that defendant was unable to meet the scheduled installment payments and stated, "By signing this agreement, neither party gives up any of its rights." Plaintiff sold the vehicle at auction, applied the proceeds to defendant's account, leaving a balance of $3,797.08, and commenced this action to recover the deficiency, plus interest and counsel fees.

In her answer defendant denied owing the balance, claiming that plaintiff's agent had fraudulently induced her to surrender her vehicle through oral statements made to her and her mother to the effect that if the vehicle were voluntarily

surrendered, there would be no further liability to plaintiff. Defendant also interposed a counterclaim for harassment. After replying to defendant's counterclaim, plaintiff moved for summary judgment. Supreme Court characterized the alleged oral agreement as an accord and satisfaction and denied the motion, stating that there were questions of fact "regarding the existence of an oral agreement not to seek any deficiency". Plaintiff appeals.

We reverse. Under UCC 1-207 plaintiff's explicit reservation of rights in the voluntary repossession agreement precluded a common-law accord and satisfaction at the time plaintiff accepted surrender of defendant's vehicle *(see, Horn Waterproofing Corp. v Bushwick Iron & Steel Co.,* 66 NY2d 321). Furthermore, because defendant never disputed the balance owed to plaintiff under the original contract before it accepted the surrender of defendant's vehicle, defendant failed to establish an accord and satisfaction *(see, Marine Midland Bank v Scallen,* 161 AD2d 103, 105; *Consolidated Edison Co. v Jet Asphalt Corp.,* 132 AD2d 296, 303).

We also find merit in plaintiff's argument that the no-oral-modification clause[1] in the original contract prevented oral modification of plaintiff's right to collect the deficiency.[2] As noted, the refinancing agreement kept the no-oral-modification and deficiency terms of the original contract in effect. Therefore, to be enforceable, any modification of plaintiff's right to collect the deficiency was required to be in writing *(see,* General Obligations Law § 15-301) unless excused under the doctrines of partial performance or estoppel.

With respect to partial performance, defendant's conduct in returning the vehicle is not "unequivocally referable" to the alleged modification *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338, 343-344; *see also, Gracie Sq. Realty Corp. v Choice Realty Corp.,* 305 NY 271, 280); nor is it incompatible with the agreement as written, a requisite for applying equitable estoppel *(see, Tierney v Capricorn Investors,* 189 AD2d 629, 631, *lv denied* 81 NY2d 710; *see also, Rose v Spa Realty Assocs., supra,* at 344) because, when viewed under either doctrine,

---

1. The original retail installment contract provides under the caption *Delay in Enforcing Rights and Changes of this Contract:* "Any change in terms of this contract must be in writing and signed by the Creditor. No oral changes are binding."

2. The original retail installment contract provides under the caption *Sale of the Repossessed Vehicle:* "If you owe more than the net proceeds of sale, you will pay the Creditor the difference between the net proceeds of sale and what you owe when the Creditor asks for it."

defendant's conduct is consistent with plaintiff's contractual right to repossess the vehicle upon default in payment.

Defendant's defense based on fraud also lacks merit. Defendant cannot demonstrate that she justifiably relied upon the alleged oral statements *(see, Clanton v Vagianelis,* 187 AD2d 45, 47; *see, e.g., Burke v Owen,* 168 AD2d 722, *lv denied* 77 NY2d 810) because "an express provision in the written [repossession agreement] contradicts the claimed oral representations in a meaningful fashion" *(Bango v Naughton,* 184 AD2d 961, 963). The repossession agreement unambiguously states that "neither party gives up any of its rights" by signing the agreement. Because this express nonwaiver clause contradicts defendant's allegation that she was unaware that plaintiff was not required to waive any of its rights under the original contract, her claim of reliance upon the oral statements is effectively negated *(see, supra,* at 963). In addition, there is no evidence that plaintiff resorted to fraud or misrepresentation to procure defendant's vehicle and, therefore, defendant is bound by the terms of the nonwaiver clause *(see, Marine Midland Bank v Cafferty,* 174 AD2d 932, 933; *see also, Mariani v Dyer,* 193 AD2d 456, 457, *lv denied* 82 NY2d 658).

Furthermore, plaintiff is entitled to summary judgment dismissing defendant's counterclaim for harassment as no separate civil cause of action exists for this criminal offense *(see, Crandall v Bernard, Overton & Russell,* 133 AD2d 878, 879, *lv dismissed* 70 NY2d 940).

Mikoll, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, and summary judgment awarded to plaintiff on its claim and dismissing defendant's counterclaim.