■ Anthony Brisard, Respondent, v Serge Compere, Also

Known as SERGE COMPARE, et al., Defendants, and ALAN N. LAYNE, Appellant. [624 NYS2d 632] —In an action, *inter alia,* to recover damages for fraud, the defendant Alan N. Layne appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated October 13, 1993, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's motion which was to dismiss the complaint insofar as it is asserted against him is granted, and the action against the remaining defendants is severed.

The plaintiff met the defendant Serge Compere socially on several occasions before and during the month of June, 1991. Compere allegedly told the plaintiff that he and his partner Khadim Chaudhry owned a very successful and profitable laboratory business known as C & C Biomedical Laboratories, Inc. (hereinafter C & C). Compere asked the plaintiff to buy out Chaudhry's 50% interest for $40,000. According to the plaintiff, he told Compere he could only pay $30,000 in two installments of $25,000 and $5,000, respectively, and Compere "told me that it was all right".

The appellant, who was the attorney for C & C, drafted the necessary documents. The plaintiff met the appellant for the first time on July 17, 1991, at the closing. On that occasion, the plaintiff signed three documents. The first was an agreement between the plaintiff and Compere, stating that (1) "in consideration of the sum of Forty Thousand ($40,000.00) dollars to [Compere], receipt whereof is hereby acknowledged", Compere agreed to sell the plaintiff a 40% interest in C & C, (2) the plaintiff had seen the corporate books, and was aware that C & C was in debt and the subject of an eviction proceeding by its landlord, and (3) the plaintiff acknowledged that the appellant was "representing the corporation only, and that he has been given an opportunity to get his own attorney but that he does not wish to do so". The second document was a bill of sale, which reiterated that (1) the plaintiff was paying $40,000 for a 40% interest in the corporation, and (2) the plaintiff was aware that the corporation had "numerous outstanding debts" and was the subject of an eviction proceeding. The bill of sale further stated that the sale was conditioned upon the consummation of a sale of Chaudhry's 50% interest in the corporation to Compere. In

addition, the plaintiff signed an acknowledgment that he paid $25,000 "which was then paid out to Khadim Chaudhry in order for him to sell his share representing 50% in the Corp. to Compere who, when said sale/purchase is consummated, will then transfer such shares to me as will give me a 40% interest in the corporation; and the same will not take place until the balance of $5,000 owed Chaudhry is paid".

According to the plaintiff, Compere and the appellant told him he was acquiring a 50% interest in C & C, and concealed the fact that the transfer of shares to him was contingent upon the consummation of the transfer of Chaudhry's interest to Compere. He claimed that he was never given an opportunity to read the documents he signed on July 17, 1991.

The plaintiff paid Compere $25,000 on July 17, 1991. Compere reduced the second installment from $5,000 to $4,600 in consideration of work done by the plaintiff for C & C, and the plaintiff gave Compere $4,600 in cash on August 6, 1991. However, C & C's check to Chaudhry for $5,000 "bounced", so the transfer of Chaudhry's interest in C & C to Compere was never consummated, leaving the plaintiff with nothing.

The plaintiff commenced the instant action sounding in fraud against Compere, C & C, and the appellant. The appellant moved, *inter alia,* for summary judgment, and summary judgment was denied. We reverse the order insofar as appealed from, and grant summary judgment to the appellant.

Since it is undisputed that the appellant and the plaintiff met for the first time on July 17, 1991, there was no confidential relationship between the parties *(cf., Koncelik v Abady,* 179 AD2d 942; *Callahan v Callahan,* 127 AD2d 298). The plaintiff, in opposition to the appellant's motion for summary judgment, claimed that the appellant misrepresented that he was acting as lawyer for the plaintiff as well as for C & C and Compere. However, this alleged misrepresentation is not pleaded in the complaint. There is no evidence in the record, other than this bare assertion, that the appellant gave the plaintiff the impression that he was representing him. Indeed, one of the documents signed by the plaintiff at the closing explicitly stated that the appellant was "representing the corporation only".

The recitals in the documents signed by the plaintiff directly contradict each and every one of the appellant's alleged misrepresentations. Thus, the plaintiff's claim that he relied on those alleged misrepresentations is foreclosed *(see, Citibank v Plapinger,* 66 NY2d 90; *Getty Petroleum Corp. v DeIorio,* 194

AD2d 762; *Manchester Equip. Co. v Panasonic Indus. Co.,* 141 AD2d 616, 618). Accordingly, the action insofar as it is asserted against the appellant must be dismissed *(see, Brown v Lockwood,* 76 AD2d 721, 730-731). Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.