■ REPUBLIC INVESTORS, INC., Respondent, v PEARL S. O'KEEFE et al., Appellants. (And a Third-Party Action.) [642 NYS2d 962] —In an action, *inter alia,* for specific performance of a real estate contract, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Dowd, J.), dated March 31, 1995, as granted the plaintiff's motion for summary judgment, and (2) so much of a judgment of the same court, dated May 8, 1995, as directed the release of a $20,000 escrow deposit to the plaintiff.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom was terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The express provisions in the contract of sale contradict the prior alleged oral representations "in a meaningful fashion" so as to negate any allegations that the defendants executed the written agreement in reliance on any oral representations (*Clanton v Vagianelis,* 187 AD2d 45, 48; *see also, Citibank v Plapinger,* 66 NY2d 90). The written contract of sale, which was drafted by the defendants' attorney, included as the "SELL-ER" the defendant Pearl Stark O'Keefe, "as life Tenant", and

the merger clause specifically provided that the contract expressed the parties' full agreement and that neither party relied on any statements not contained in the contract.

The defendants' remaining contentions are without merit. Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.