■ Richard P. Stone, Appellant, v Thomas P. Schulz, Respondent. [647 NYS2d 822] —In an action to recover damages for breach of an oral contract and fraudulent inducement, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated June 22, 1995, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The defendant, an attorney, hired the plaintiff as an associate attorney for his law firm. The parties executed a written employment agreement for the period from January 11, 1993, through January 10, 1994. The written agreement set forth, *inter alia,* the annual salary to be paid, the terms of a $10,000 interest-free loan (to be forgiven upon the conclusion of approximately one year of service), and "additional payments" for fees collected from clients brought to the firm by the plaintiff. By signing the document, the plaintiff acknowledged that it "accurately reflected [the parties'] agreements". After the contract expired, the plaintiff commenced the instant action alleging two causes of action: (1) that he was owed additional compensation from the defendant pursuant to a prior oral agreement with him and (2) that the defendant fraudulently induced him to leave his prior employment. The defendant moved to dismiss both causes of action and the Supreme Court granted the motion. We now affirm.

It is well settled that where, as here, the parties have reduced an agreement to writing, and the writing is clear in its terms and purports to express the parties' entire agreement, evidence of a prior or contemporaneous communication between the parties that contradicts, varies, or explains the agreement is generally barred by the parol evidence rule (*see, Braten v Bankers Trust Co.,* 60 NY2d 155; *Clark v American Morgan Co.,* 268 App Div 209; 58 NY Jur 2d, Evidence and Witnesses, § 555). Here, the rule is applicable and prevents enforcement of the alleged oral agreement (*see, Braten v Bankers Trust Co.,* 60 NY2d 155, *supra*; *Mitchill v Lath,* 247 NY 377; 4 Williston, Contracts § 631, at 948 [3d ed 1961]). Accordingly, the plaintiff's cause of action based on a breach of the oral agreement was properly dismissed (*see,* 58 NY Jur 2d, Evidence and Witnesses, § 557).

The plaintiff's cause of action alleging that he was fraudulently induced into leaving his prior employment by alleged oral representations concerning his employment by the defendant was also properly dismissed. Where, as here, there is a "meaningful" conflict between an express provision in a writ-

ten contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation (*Bango v Naughton,* 184 AD2d 961, 963; *see also, Citibank v Plapinger,* 66 NY2d 90, 95; *Brisard v Compere,* 214 AD2d 528, 530; *Clanton v Vagianelis,* 187 AD2d 45, 48). Thus, the plaintiff will be unable to establish that he reasonably relied on the alleged oral representations, one element necessary to state a cause of action to recover damages for fraudulent inducement (*see, Brisard v Compere,* 214 AD2d 528, supra; *Clanton v Vagianelis,* 187 AD2d 45, supra; *cf., Citibank v Plapinger,* 66 NY2d 90, supra). Mangano, P. J., Miller, Ritter and Altman, JJ., concur.