■ KING DAVID ASSOCIATES et al., Respondents, v JACOB SCHONBERGER et al., Appellants. [680 NYS2d 581] —In an action, *inter alia,* to recover damages for breach of a lease, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered September 10, 1997,

which, *inter alia*, granted the plaintiffs' motion pursuant to CPLR 3212 for partial summary judgment on their fourth cause of action, dismissed the defendants' first through fifth counterclaims, and directed the defendants to pay the plaintiffs $9,535.59 per month from June 1994 until the end of the lease term, and (2) a judgment of the same court, entered October 27, 1997, which is in favor of the plaintiffs and against the defendants in the principal sum of $381,583. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by vacating the provision thereof which awarded judgment against the defendant Gloria Schonberger; as so modified, the judgment is affirmed, the order entered September 10, 1997, is modified accordingly, and the action insofar as asserted against Gloria Schonberger is dismissed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The respondent King David Associates (hereinafter KDA) leased the subject premises to the appellant Jacob Schonberger in 1992. On April 9, 1993, the parties signed a "Ratification, Confirmation, and Second Amendment to Lease", which, *inter alia*, amended the lease to reflect that the subject premises was owned by Slomo Silvian and Martin Klein (hereinafter the individual respondents) not by KDA, and that the only tenant under the lease was Jacob Schonberger (hereinafter Schonberger). On that day, the individual respondents also signed a "Supplemental Mortgage and Mortgage Spreader Consolidation, Modification, and Extention Agreement" with National Westminster Bank U.S.A. (hereinafter NWB). Moreover, Schonberger also signed a "Tenant's Estoppel Certificate" by which he agreed, *inter alia*, to pay the "debt service" under the agreement with NWB.

For the next 14 months, Schonberger paid the new monthly mortgage service charge of $60,136.69. In June 1994 Schonberger abruptly stopped paying the full amount of this service charge, allegedly upon learning that the respondents were reneging on a purported "option agreement". The only evidence

of such an "option agreement" produced by Schonberger was a draft of uncertain date signed by Martin Klein, which, *inter alia*, failed to identify the optionee.

The court properly granted partial summary judgment to the respondents on their fourth cause of action for unpaid rents, and properly dismissed the appellants' counterclaims based upon fraud and misrepresentation because, on this record, no material issue of fact exists regarding these counterclaims which would require a trial. The appellants failed to show justifiable reliance on an alleged oral promise by Silvian to grant them an option to purchase the demised premises upon the conclusion of their lease (*see,* General Obligations Law § 5-703 [2]; *see, e.g., Brickman v Woolworth Co.,* 58 NY2d 639). Moreover, Silvian, an owner of the subject realty, is a party to be charged (*see,* General Obligations Law § 5-703 [2]), and the appellants have offered no evidence that Klein was authorized to act as Silvian's agent in granting a purchase option to the appellants when he signed his name to an otherwise incomplete option form (*see, e.g., Shuy Ching Chan v Bay Ridge Park Hill Realty Co.,* 213 AD2d 467; *DeMartin v Farina,* 205 AD2d 659). Indeed, the appellants' conclusory assertions of fraud are contradicted by virtually all the documentary evidence in the record. The documentary evidence includes the original lease of September 14, 1992, which contained both an integration clause and a clause subordinating the lease and the tenant's rights thereunder. The evidence also includes a letter dated May 2, 1994, signed by Schonberger, in which he expressly relinquished any claim to an option agreement (*see, e.g., Citibank v Plapinger,* 66 NY2d 90, 95; *Brisard v Compere,* 214 AD2d 528, 530-531; *Bango v Naughton,* 184 AD2d 961; *Manchester Equip. Co. v Panasonic Indus. Co.,* 141 AD2d 616, 618; *New York State Urban Dev. Corp. v Marcus Garvey Brownstone Houses,* 98 AD2d 767, 770).

However, as Gloria Schonberger is not a party to the lease, the judgment with respect to her is vacated and the action insofar as asserted against her is dismissed. Bracken, J. P., Copertino, Thompson and Friedmann, JJ., concur.