■ FORD MOTOR CREDIT COMPANY, Appellant, v LISA M. SAWDEY, Respondent. [730 NYS2d 611] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In December 1994 defendant and her husband entered into a three-year vehicle lease agreement with plaintiff. Pursuant to the terms of that agreement, plaintiff was entitled to cancel the agreement and repossess the vehicle upon a default in payment, and defendant and her husband would be liable for any balance due as specified in the lease agreement. The agreement further provided that any modifications to it had to be in writing. De-

fendant and her husband subsequently separated, and defendant's husband took possession of the vehicle. When defendant and her husband defaulted in their payments under the agreement, plaintiff unsuccessfully attempted to repossess the vehicle. Defendant alleges that plaintiff's representatives then informed her that, if she assisted plaintiff in repossessing the vehicle held by her husband, she would not be liable under the agreement. With defendant's assistance, plaintiff repossessed the vehicle in 1996 and then sold it at auction. Plaintiff then commenced this action seeking to recover from defendant the balance due under the lease.

Supreme Court determined that, although plaintiff was entitled to summary judgment on the issue of defendant's default, there is an issue of fact whether defendant is liable for any balance due under the lease, based on the allegation of defendant that plaintiff induced her to assist it in repossessing the vehicle by the promise that she would not be liable for any outstanding balance. The court should have granted that part of plaintiff's motion seeking summary judgment on liability. "When a written contract provides that it can only be changed by a signed writing, an oral modification of that agreement, as here, is not enforceable" (*Tierney v Capricorn Investors,* 189 AD2d 629, 631, *lv denied* 81 NY2d 710; *see,* General Obligations Law § 15-301 [1]; *Rose v Spa Realty Assocs.,* 42 NY2d 338, 343). Defendant failed to raise a triable issue of fact whether the limited exceptions of partial performance and estoppel apply. Defendant failed to establish that the partial performance was "unequivocally referable to the oral modification" (*Rose v Spa Realty Assocs., supra,* at 343). With respect to estoppel, defendant failed to establish that the conduct upon which she relied to establish the estoppel was "incompatible with the agreement as written, a requisite for applying equitable estoppel" (*General Motors Acceptance Corp. v Desbiens,* 213 AD2d 886, 887; *see, Day Realty Corp. v Lawrence Assocs.,* 270 AD2d 140, 141-142). We thus modify the order by granting that part of plaintiff's motion seeking summary judgment on liability, and we remit this matter to Supreme Court to determine damages. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Summary Judgment.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.