**GATEWAY COMPANIES, INC., Plaintiff-Counterclaim-Defendant-Appellee,**

v.

**VITECH AMERICA, INC., DefendantCounterclaimant,**

**Microtec Sistemas Ind. E. Com. S.A., Defendant,**

**William C. St. Laurent and Georges C. St. Laurent, III, Defendants–Counterclaimants–Appellants.**

**Docket No. 01–9125.**

United States Court of Appeals, Second Circuit.

April 23, 2002.

Ronald S. Lowy, Miami Beach, FL, argued orally. Appellants William C. St. Laurent pro se and Georges C. St. Laurent pro se, Miami, FL, filed the brief, for Appellants.

Eric W. Bloom, Winston & Strawn, Washington, DC, for Appellee.

Present KEARSE, SACK and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendants William C. St. Laurent and Georges C. St. Laurent ("appellants"), appeal from a judgment of the United States District Court for the Southern District of New York, Alvin K. Hellerstein, *Judge,* ordering them to pay $11,000,000 to plaintiff Gateway Companies, Inc. ("Gateway"), on account of their Guaranty of up to $11,000,000 with respect to loans by Gateway to defendant Vitech America, Inc. ("Vitech"), in which appellants were shareholders. On appeal, appellants contend (1) that the district court should not have reached the merits of the case because it should have granted their motion to transfer venue to the Southern District of Florida, where related matters are pending, and (2) that the court erred in granting summary judgment in favor of Gateway because appellants interposed defenses of fraud in the inducement. Finding no basis for reversal, we affirm.

 Appellants' challenge to the district court's refusal to transfer venue to the Southern District of Florida is without merit. "The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the

sound discretion of the district court," and we will not disturb the court's denial of a motion to transfer venue unless there is a clear showing of abuse of that discretion. *Filmline (Cross Country) Productions, Inc. v. United Artists Corp.,* 865 F.2d 513, 520 (2d Cir.1989). Further, when a commercial agreement contains a forum-selection clause, there is a strong policy in favor of enforcing such a clause. *See, e.g., Chasser v. Achille Lauro Lines,* 844 F.2d 50, 54 (2d Cir.1988), *affirmed,* 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989). Here, the Guaranty provided that "[a]ny proceeding to enforce this guaranty may be brought in any state or federal court of competent jurisdiction in the State of New York"; that appellants were required to submit to jurisdiction in New York; and that the Guaranty was to be governed by and construed in accordance with the substantive law of New York (*i.e.,* without giving effect to New York's choice-of-law principles). Further, issues as to the enforceability of the Guaranty were easily severable from the rights and duties at issue in the Florida case. The district court did not abuse its discretion in refusing to transfer the present action to enforce the Guaranty to Florida.

█ Nor do we find merit in appellants' challenge to the district court's decision on the merits. When guarantors have specifically disclaimed all defenses to the enforcement of their guaranty, they are not allowed thereafter to raise a defense of fraud in the inducement. *See, e.g., Citibank, N.A. v. Plapinger,* 66 N.Y.2d 90, 94–95, 495 N.Y.S.2d 309, 311–312, 485 N.E.2d 974 (1985); *see also Clanton v. Vagianelis,* 187 A.D.2d 45, 47 48, 592 N.Y.S.2d 139, 140 (3d Dep't 1993) (preclusion of fraud-in-the-inducement defense "is not confined to cases involving specific disclaimers"); *Stone v. Schulz,* 231 A.D.2d 707, 707–08, 647 N.Y.S.2d 822, 823 (2d Dep't 1996)

(parol evidence of alleged prior oral representations inadmissible to introduce a "meaningful" conflict with written contract provision).

Here, the Guaranty signed by appellants provided, in pertinent part, that it was "Unconditional and Absolute"; that "[t]he obligations of the Guarantors hereunder ... shall not be released, discharged or otherwise affected by," *inter alia,* "the existence of any claim, set-off or other rights which the Guarantors may have at any time against Vitech[ ]or any other corporation or person, whether in connection herewith or in connection with any unrelated transaction; ... or ... any other act or omission to act or delay of any kind by Vitech, any other guarantor or any other corporation or person or any other circumstance whatsoever which might, but for the provisions of this paragraph, constitute a legal or equitable discharge of the Guarantors' obligations hereunder"; and that appellants agreed to "irrevocably waive ... any ... defense that may be available to a surety and guarantor." In light of the specific disclaimers and waivers in the guaranty to which appellants agreed, the district court properly ruled that appellants' proposed extrinsic evidence of Gateway's alleged fraud in the inducement would be inadmissible and that summary judgment enforcing the Guaranty was appropriate.

We have considered all of appellants' contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.