JP Oil Group, Inc. v Lakhani (2024 NY Slip Op 00723)

JP Oil Group, Inc. v Lakhani

2024 NY Slip Op 00723

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1048 CA 23-00955

[*1]JP OIL GROUP, INC., PLAINTIFF-RESPONDENT,
v
SADRUDDIN M. LAKHANI AND AMIR PERANI, DEFENDANTS-APPELLANTS. (APPEAL NO. 3.) 

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
SPECTOR GADON ROSEN VINCI P.C., NEW YORK CITY (DAVID B. PICKER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (James P. McClusky, J.), entered May 3, 2023. The order and judgment, among other things, granted plaintiff's motion for summary judgment and awarded plaintiff the amount of $282,428.28 as against defendants. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In 2014, nonparty A-1 Easy Mart, Inc. (A-1), which is owned and operated by defendants, entered into a lease agreement with nonparty Rome Gas, Inc. (Rome Gas) to operate a gas station. Simultaneously, A-1 entered into an exclusive sales agreement with plaintiff, which is owned by the principals of Rome Gas. The sales agreement required A-1 to purchase a specified volume of petroleum products, including gasoline, from plaintiff each year over a 10-year period and provided for liquidated damages in the event of a default. Defendants personally guaranteed A-1's performance under the sales agreement. A-1, however, failed to meet its petroleum purchase obligations. In 2017, Rome Gas sold the gas station to an unrelated third-party, assigning the lease with A-1 to the new owner. In July 2019, the Department of Environmental Conservation (DEC) directed that two of the fuel tanks at the gas station be permanently closed and removed. Plaintiff's last fuel delivery to A-1 was in September 2019, and A-1 ceased operations shortly thereafter. Plaintiff subsequently commenced this action against defendants pursuant to the guarantee to recover damages under the sales agreement. Plaintiff thereafter moved for summary judgment on the complaint. Supreme Court granted the motion and directed that the claim for damages be terminated as of the date the DEC ordered the removal of fuel tanks. We affirm.
Contrary to defendants' contention, the court properly granted plaintiff's motion. Plaintiff submitted the sales agreement and guarantee, which unambiguously state that A-1's failure to comply with its purchase obligations would constitute a default and material breach and that, upon such a default, plaintiff had the right to, inter alia, seek liquidated damages and enforce the guarantee. Written agreements "that [are] complete, clear, and unambiguous on [their] face must be enforced according to the plain meaning of [their] terms" (Medlock Crossing Shopping Ctr. Duluth, Ga. L.P. v TT Medlock Crossing, LLC, 210 AD3d 1450, 1451 [4th Dept 2022], lv dismissed in part & denied in part 39 NY3d 1102 [2023]). By submitting undisputed proof that A-1 failed to meet its contractual purchase obligations, which were guaranteed by defendants, plaintiff met its initial burden on the motion (see generally Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]).
The burden then shifted to defendants to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), which they failed to do. Specifically, defendants contend that there is a question of fact whether plaintiff modified the sales agreement by reducing the specified volume of petroleum products that defendants were obligated to purchase. We reject that contention inasmuch as the sales agreement contains a provision prohibiting oral modification (see General Obligations Law § 15-301 [1]; Rose v Spa Realty Assoc., 42 NY2d 338, 343 [1977]), and defendants produced no written modification. Similarly, defendants did not raise a question of fact whether the parties' partial performance under the sales agreement resulted in a waiver of the provision prohibiting oral modification (see Rose, 42 NY2d at 343). Defendants failed to establish that the "partial performance was 'unequivocally referable to the [purported] oral modification' " (Ford Motor Credit Co. v Sawdey, 286 AD2d 972, 973 [4th Dept 2001]).
We also reject defendants' contention that there is a question of fact whether plaintiff failed to mitigate its damages when it delivered gasoline to defendants in September 2019.
The remaining issues defendants contend create triable questions of fact either misinterpret the plain language of the sales agreement or seek to have the court "interpret [the] agreement as impliedly stating something which the parties specifically did not include" (Donohue v Cuomo, 38 NY3d 1, 12 [2022] [internal quotation marks omitted]).
We further reject defendants' contention that the court erred in failing to equitably estop plaintiff from claiming that A-1 defaulted under the sales agreement due to an estoppel certificate executed by Rome Gas as part of its 2017 sale of the subject gas station that asserted A-1 was not in default of its obligations under the sales agreement. Initially, any claims defendants have against Rome Gas or plaintiff's principals are not properly before us inasmuch as those claims were previously dismissed in a separate final order that was not appealed (see generally CPLR 5501 [a] [1]; Darien Lake Theme Park & Camping Resort, Inc. v Contour Erection & Siding Sys., Inc., 16 AD3d 1055, 1056 [4th Dept 2005]). Moreover, with respect to estoppel, defendants failed to establish that "the conduct upon which [they purportedly] relied to establish the estoppel was 'incompatible with the agreement as written, a requisite for applying equitable estoppel' " (Ford Motor Credit Co., 286 AD2d at 973; see General Motors Acceptance Corp. v Desbiens, 213 AD2d 886, 887 [3d Dept 1995]) inasmuch as plaintiff was not a signatory to the 2017 estoppel certificate and the sales agreement had a provision that could extend the contract term to allow defendants additional time to meet their purchase obligations.
We have reviewed defendants' remaining contentions and conclude that they are without merit.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court