■ Town of Oneonta, Appellant, v City of Oneonta, Respondent. [594 NYS2d 838] —Weiss, P. J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered October 25, 1991 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

Following the 1977 expiration of the last of two written agreements between the parties which provided that defendant could use plaintiff's solid waste landfill upon payment of a proportionate share of the operating costs, defendant continued its use of the landfill and paid the vouchers submitted by plaintiff. Pursuant to an October 1987 amended order made on plaintiff's consent by the Department of Environmental Conservation, plaintiff agreed to close the landfill by October 1, 1988. When defendant refused to pay any part of the closure costs, this action was commenced. Following discovery, Supreme Court granted defendant's motion for summary judgment and dismissed the complaint on the ground that there was no evidence of a legally enforceable agreement to extend the earlier contracts or of an agreement or resolution duly adopted by defendant to share the expense of closing the landfill.

On this appeal plaintiff contends that an issue of fact exists as to whether the pre-1977 contracts continued in existence and whether plaintiff had established an implied contract based upon the conduct of defendant, either of which would preclude summary judgment. Initially, the two contracts entered into in 1967 and 1972 were by their own unambiguous terms each for periods of five years, and as a matter of law were properly interpreted by Supreme Court to have expired by their own terms *(see, Hudson-Port Ewen v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944). Nor was there an implied contract to share in the cost associated with the landfill closure. To be valid, municipal contracts must comply with specific statutory requirements *(Granada Bldgs. v City of*

*Kingston,* 58 NY2d 705, 708; *New York Tel. Co. v Town of N. Hempstead,* 41 NY2d 691, 696). Clearly, the circumstances here totally fail to meet statutory requirements for an agreement for the joint performance of a municipal function *(see,* General Municipal Law § 119-*o)*. The powers of a municipal corporation are wholly statutory and every person who deals with such a body is bound to know the extent of its authority and the limitations on its power *(Gill, Korff & Assoc., Architects & Engr. v County of Onondaga,* 152 AD2d 912, 914).

Finally, we find no merit to plaintiff's contention that defendant is equitably estopped from refusing to share in the landfill closure costs. Equitable estoppel against a governmental agency is foreclosed in all but the rarest circumstances *(Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130). We fail to find the manifest injustice necessary to permit the estoppel doctrine to be invoked in this case *(see, Matter of Montipark Realty Corp. v Village of Monticello,* 174 AD2d 876, 877). While defendant concededly paid 80% of the landfill costs which were billed by plaintiff on a pay as you go basis during the 10 years following the expiration of the parties' last contract in 1977, no formal act on defendant's part committed it to future participation in the landfill. Nor does the record suggest that defendant, by its continued landfill use, created an informal duty to continue payments beyond the time it ceased use of the landfill. It was plaintiff alone who operated the landfill, negotiated and entered into the lease and operations agreements, and agreed to the consent order of closure with the Department of Environmental Conservation. No extraordinary circumstances have been shown which would warrant the application of equitable estoppel against defendant.

Mikoll, Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.