■ NEAL DUNLEVY et al., Respondents, v NEW HARTFORD CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendants.

(Appeal No. 1.) [697 NYS2d 446] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendant New Hartford Central School District dismissed. Memorandum: New Hartford Central School District (defendant) contends that Supreme Court erred in denying that portion of its motion for summary judgment seeking dismissal of the negligent misrepresentation cause of action against it. We agree.

The record establishes that defendant's teachers organized 1991 school trips to Spain and France and chose defendants Youth Travel Associates, Inc. and Vince Bourn (collectively Bourn) as the travel agent for the trips. To organize the trips, the teachers held several meetings with parents at which Vince Bourn was present. The parents were informed by the teachers that a deposit was required, which was to be given to Bourn. The teachers also explained that Bourn's refund policy if the trips were canceled was to refund the amount tendered minus a $25 fee. The parents were also informed that they were to deal directly with Bourn if the trips were canceled and that they had to give written notice to Bourn in order to receive a refund. In addition, the teachers informed the parents that they had used Bourn in the past for various class trips. ·

The record also establishes that the teachers did not research Bourn's qualifications or financial stability. The school trips to Spain and France were subsequently canceled because of the Gulf War. When plaintiffs requested the return of their deposits from Vince Bourn, he failed to return them and subsequently declared bankruptcy. Plaintiffs thereafter commenced this class action to recover their deposits, asserting in the second amended complaint causes of action based on defendant's breach of contract and negligent misrepresentation. Defendant moved for summary judgment. The court granted that part of defendant's motion seeking summary judgment dismissing the breach of contract cause of action against defendant and denied that part seeking dismissal of the negligent misrepresentation cause of action against it. The court should have granted defendant's motion in its entirety.

"In order to establish a claim for negligent misrepresentation, plaintiffs were required to demonstrate that defendant had a duty, based upon some special relationship with them, to impart correct information, that the information given was false or incorrect and that plaintiffs reasonably relied upon the information provided" (*Hausler v Spectra Realty*, 188 AD2d 722, 724). Even assuming that there was a special relationship between the parties, we conclude that defendant established

that its teachers did not provide any false information to plaintiffs, and plaintiffs failed to raise an issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The teachers correctly disclosed Bourn's refund policy to plaintiffs and indicated that deposits and/or payments were necessary to secure placement for the trips and/or to guarantee the price for the trips. Furthermore, their statements concerning Bourn's refund policy, i.e., that the parents would receive a refund minus a $25 fee if the trips were canceled, were not "the impartation of false information for [the parents'] guidance" but were merely "an expression of future expectation" (*Bower v Atlis Sys.*, 182 AD2d 951, 953, *lv denied* 80 NY2d 758). Thus, the negligent misrepresentation cause of action should have been dismissed (*see, Hausler v Spectra Realty, supra,* at 724; *Bower v Atlis Sys., supra,* at 953).

We reject plaintiffs' contention that the negligent misrepresentation cause of action may be based on defendant's failure to investigate Bourn's qualifications and financial stability. Defendant's teachers did not misrepresent Bourn's qualifications or financial stability to the parents to support that contention (*cf., International Fid. Ins. Co. v Gaco W.*, 229 AD2d 471, 473-475).

Consequently, we reverse the order insofar as appealed from, grant the motion in its entirety and dismiss the complaint against defendant. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present— Lawton, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.