■ H & R PROJECT ASSOCIATES, INC., Respondent-Appellant, v CITY OF SYRACUSE et al., Appellants-Respondents, et al., Defendant. [737 NYS2d 712] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages allegedly sustained as the result of the failure of the Avenue of the Arts Development Project (Project) following the denial of State funding for the Project. Plaintiff had entered into a development agreement with defendant Syracuse Avenue of the Arts Redevelopment Corporation, a/k/a SAARC (SAARC), for the renovation of six buildings. Based upon alleged representations by employees and officials of defendants City of Syracuse (City) and City of Syracuse School District and City of Syracuse School District Board of Education (collectively, School District) that State funding for the Project was assured, plaintiff commenced Phase I of the Project. Pursuant to the terms of the development agreement, plaintiff purchased two buildings on February 11, 1998 and commenced its renovation work. On July 10, 1998, the State Education Department advised the School District that three of the buildings involved in the Project were not eligible for State funding. Plaintiff thereafter suspended its work on the Project, filed notices of claim against the City on September 18, 1998 and the School District on September 21, 1998, and commenced this action on August 4, 1999.

Supreme Court properly granted those parts of the motions of the City and School District seeking dismissal of the causes of action alleging breach of contract, breach of implied contract and detrimental reliance against them. "To be valid, municipal contracts must comply with specific statutory requirements" (*Town of Oneonta v City of Oneonta,* 191 AD2d 891). Here, there was no agreement complying with Syracuse City Charter § 8-113 (1) (*see, Syracuse Orthopedic Assocs. v City of Syracuse,*

136 AD2d 923, 923-924; *see also, Town of Oneonta v City of Oneonta, supra,* at 891-892). Nor is plaintiff entitled to recover against the City and School District based upon quantum meruit (*see, Gill, Korff & Assoc. v County of Onondaga,* 152 AD2d 912, 913) or estoppel (*see, Syracuse Orthopedic Assocs. v City of Syracuse, supra,* at 924; *City of Zanesville, Ohio v Mohawk Data Sciences Corp.,* 97 AD2d 64, 67-68).

The court also properly granted those parts of the motions of the City and School District seeking dismissal of the fifth cause of action, alleging that SAARC is the alter ego for those defendants and seeking to pierce the corporate veil. "[A]n attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners" (*Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141). Further, neither the City nor the School District is an owner of SAARC and there is no basis for imposing the obligations of SAARC under the development agreement upon those parties.

The court properly denied that part of plaintiff's cross motion seeking leave to amend the complaint to include causes of action for breach of contract, breach of implied contract, and detrimental reliance against the City and School District and seeking to pierce the corporate veil of SAARC. Those proposed causes of action manifestly lack merit (*see, Washburn v Citibank [S. D.],* 190 AD2d 1057). Plaintiff has not challenged on appeal those parts of the order dismissing the negligence cause of action against the City and the School District and denying that part of its cross motion seeking leave to amend the complaint to allege a negligence cause of action. Thus, any challenge to those parts of the order is deemed abandoned (*see, Ciesinski v Town of Aurora,* 202 AD2d 984).

Finally, we conclude that the court erred in granting that part of the cross motion seeking leave to amend the complaint to allege a cause of action for negligent misrepresentation against the City and the School District and denying those parts of the motions seeking dismissal of the seventh cause of action. We agree with the court that the claim did not accrue until July 10, 1998, as alleged in the proposed amended complaint, when plaintiff's damages were ascertainable (*see, Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 290; *Matter of Bader v Board of Educ.,* 216 AD2d 708; *Morawski v Board of Educ.,* 85 AD2d 850, 851, *lv denied* 57 NY2d 602), and that the action against the City and School District is not

subject to dismissal based upon plaintiff's failure to file a timely notice of claim as required by Syracuse City Charter § 8-115 (3) and Education Law § 3813. We further conclude, however, that the complaint fails to state a cause of action for negligent misrepresentation and that the proposed amendment of that cause of action manifestly lacks merit. "A claim for negligent misrepresentation can only stand where there is a special relationship of trust or confidence, which creates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given" (*Hudson Riv. Club v Consolidated Edison Co.,* 275 AD2d 218, 220). At least two of those elements are absent here. "A 'special relationship' requires a closer degree of trust than an ordinary business relationship" (*Solondz v Barash,* 225 AD2d 996, 998), and nothing more than an ordinary business relationship existed between plaintiff and the City or the School District (*see, St. Patrick's Home for Aged & Infirm v Laticrete Intl.,* 264 AD2d 652, 658-659). Further, even assuming that the alleged misrepresentations were false and not "merely 'an expression of future expectation'" with respect to State funding (*Dunlevy v New Hartford Cent. School Dist.,* 266 AD2d 931, 933, *lv denied* 94 NY2d 760, quoting *Bower v Atlis Sys.,* 182 AD2d 951, 953, *lv denied* 80 NY2d 758), we conclude that any reliance by plaintiff was not reasonable. Plaintiff was in a position to know that the Project was contingent upon State funding and that approval for such funding could be denied, and it thus "will not be heard to complain that [it] was induced to enter into the transaction by misrepresentations" (*Schumaker v Mather,* 133 NY 590, 596; *see, Hudson Riv. Club v Consolidated Edison Co., supra,* at 220-221).

We therefore modify the order by granting those parts of the motions of the City and the School District seeking dismissal of the cause of action for negligent misrepresentation and dismissing the complaint in its entirety against them and by denying plaintiff's cross motion in its entirety. (Appeals from Order of Supreme Court, Onondaga County, Major, J.—Amend Pleading.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.