■ JAY M. WRIGHT, Doing Business as BARNWRIGHT, Appellant, v REVA SELLE et al., Respondents. [811 NYS2d 525]—

Appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered June 13, 2005. The order, insofar as appealed from, denied plaintiff's motion to dismiss the second and third counterclaims and the claims for counsel fees and punitive damages.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the second counterclaim and the claims for counsel fees and punitive damages and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action for judgment on a mechanic's lien after defendants allegedly failed to pay him in full under a time and materials contract for renovation work on four barns. Defendants asserted negligent misrepresentation as a second counterclaim and fraudulent inducement as a third counterclaim, alleging in support thereof that plaintiff's estimated price of the work was deceptively low. Defendants also sought counsel fees and punitive damages. Plaintiff contends on appeal that Supreme Court erred in denying his motion to dismiss the second and third counterclaims and the claims for counsel fees and punitive damages. We agree with plaintiff that the court erred in denying those parts of his motion with respect to the second counterclaim and the claims for counsel fees and punitive damages, and we therefore modify the order accordingly.

With respect to the counterclaim for negligent misrepresentation, we note that defendants may recover thereon only "where there is a special relationship of trust or confidence, which cre-

ates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given" (*Hudson Riv. Club v Consolidated Edison Co. of N.Y.*, 275 AD2d 218, 220 [2000]; *see H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 969 [2001]). The special relationship requires a closer degree of trust than that in an ordinary business relationship (*see H & R Project Assoc.*, 289 AD2d at 969), and the record establishes that the parties herein had nothing more than an ordinary business relationship (*see Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 795 [2002]; *H & R Project Assoc.*, 289 AD2d at 969; *Cecos Intl. v Advanced Polymer Sciences*, 245 AD2d 1017 [1997]).

With respect to the claim for counsel fees, we note that "[c]ounsel fees are not recoverable in an action unless specifically provided for by statute or contract," which is not the case herein (*Fernandez v Koretz* [appeal No. 2], 267 AD2d 1025, 1025 [1999]; *see City of New York v Zuckerman*, 234 AD2d 160, 161 [1996], *lv dismissed* 90 NY2d 845 [1997]; *see also Hunt v Sharp*, 85 NY2d 883, 885 [1995]). There is thus no basis for defendants' claim for counsel fees. In addition, there is no basis for defendants' claim for punitive damages, inasmuch as there is no "allegation of egregious tort directed at the public at large" (*Steinhardt Group v Citicorp*, 272 AD2d 255, 257 [2000]; *see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Westinghouse Elec. Supply Co. v Pyramid Champlain Co.*, 193 AD2d 928, 932 [1993]).

The court, however, properly denied that part of plaintiff's motion to dismiss the counterclaim for fraudulent inducement. In order to sufficiently plead that counterclaim, defendants were required to allege "a material representation, known to be false, made with the intention of inducing reliance, upon which [defendants] actually relie[d], consequently sustaining a detriment" (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [2005]). "A false statement of intention is sufficient to support an action for fraud, even where that statement relates to an agreement between the parties" (*Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122 [1995]; *see Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]; *Wagner Trading Co. v Walker Retail Mgt. Co.*, 277 AD2d 1012 [2000]). Here, defendants allege that plaintiff knew at the time of the estimate that the bill for the project would substantially exceed the amount of the estimate, that plaintiff intentionally misstated the estimate in order to induce defendants to enter into the contract, that defendants relied on the misrepresentation, and that defendants

were damaged as a result, and thus defendants have stated a counterclaim for fraudulent inducement with the requisite particularity (*see* CPLR 3016 [b]). Contrary to plaintiff's contention, the counterclaim for fraudulent inducement does not merely duplicate the first counterclaim, for breach of contract (*see First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 291 [1999]). Because the renovation contract was on a time and materials basis, plaintiff was under no contractual duty to perform the work for the amount of the estimate. Thus, the allegedly false and misleading estimate is sufficient to support the counterclaim for fraudulent inducement, separate from the alleged breach of contract (*see Wagner Trading Co.*, 277 AD2d 1012 [2000]; *First Bank of Ams.*, 257 AD2d at 291-292). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Green and Hayes, JJ.