█ JENNIE MURPHY, as Administratrix of the Estate of THOMAS W. TRAYNOR, Deceased, Respondent, v LaFRAMBOISE GROUP, LTD., et al., Defendants, and LEWIS & CLINCH, INC., Appellant. (Action No. 1.) TERRY ROBINSON et al., Respondents, v LaFRAMBOISE GROUP, LTD., et al., Defendants, and LEWIS & CLINCH, INC., Appellant. (Action No. 2.) MARTIN K. CROSSMAN et al., Respondents, v LaFRAMBOISE GROUP, LTD., et al., Defendants, and LEWIS & CLINCH, INC., Appellant. (Action No. 3.) KNOWLTON SPECIALTY PAPERS, INC., Respondent, v LaFRAMBOISE GROUP, LTD., et al., Defendants, and LEWIS & CLINCH, INC., Appellant. (Action No. 4.) [839 NYS2d 883]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 7, 2006. The order, insofar as appealed from, denied those parts of the motion of defendant Lewis & Clinch, Inc. for summary judgment

dismissing the negligence causes of action and claim in action Nos. 1 through 4 against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motion of defendant Lewis & Clinch, Inc. for summary judgment dismissing the amended complaint, second amended complaint and complaint in action Nos. 1, 2 and 3, respectively, against it and dismissing the amended complaint, second amended complaint and complaint in those actions against it and as modified the order is affirmed without costs.

Memorandum: Several employees were injured, and one employee was killed, when a dryer can assembly exploded at a paper processing mill owned and operated by Knowlton Specialty Papers, Inc. (Knowlton), their employer. The plaintiff in action No. 1 is the administratrix of the deceased employee's estate, the plaintiffs in action No. 2 are three injured employees, and the plaintiffs in action No. 3 are a fourth injured employee and his wife. Those actions were commenced against, inter alia, defendant Lewis & Clinch, Inc. (Lewis & Clinch), an entity that assisted Knowlton in acquiring the dryer cans used in its new dryer can system, and defendant LaFramboise Group, Ltd., the entity that installed the new dryer can system. Knowlton commenced action No. 4 against the same defendants.

Supreme Court properly denied that part of the motion of Lewis & Clinch for summary judgment dismissing Knowlton's negligence cause of action against it. Insofar as that cause of action may be construed to allege negligent misrepresentation, we conclude that Lewis & Clinch failed to meet its initial burden of establishing as a matter of law that it did not have the requisite relationship with Knowlton to warrant the imposition of liability against it based on negligent misrepresentation. "[L]iability for negligent misrepresentation has been imposed only on those persons [or entities] who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (*Kimmell v Schaefer*, 89 NY2d 257, 263 [1996]). Here, Lewis & Clinch did not establish that it was not liable for negligent misrepresentation of the dryer can coding as a result of a special relationship with Knowlton involving confidence and trust (*see generally Kimmell*, 89 NY2d at 263-264; *AFA Protective Sys. v American Tel. & Tel. Co.*, 57 NY2d 912, 914 [1982]). In addition, Knowlton raised issues of fact whether Lewis & Clinch provided false information to Knowlton, and whether Knowlton reasonably relied on that

false information, and we conclude with respect to the negligence cause of action that, on the record before us, there is an issue of fact whether Lewis & Clinch owed a duty to Knowlton (*see generally H & R Project Assoc. v City of Syracuse*, 289 AD2d 967, 969 [2001]; *United Safety of Am. v Consolidated Edison Co. of N.Y.*, 213 AD2d 283, 285-286 [1995]).

The court erred, however, in denying those parts of the motion of Lewis & Clinch for summary judgment dismissing plaintiffs' respective negligence causes of action and claim against it, thereby dismissing the amended complaint, second amended complaint and complaint in action Nos. 1, 2 and 3, respectively, against it. We therefore modify the order accordingly. "A finding of negligence may be based only upon the breach of a duty. If, in connection with the acts complained of, the defendant owes no duty to the plaintiff, the action must fail" (*Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]), and "[t]he existence and scope of a duty of care is a question of law for the courts" (*Church v Callanan Indus.*, 99 NY2d 104, 110-111 [2002]; *see generally Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232 [2001]). We conclude on the record before us that Lewis & Clinch owed no duty of care to the employees in action Nos. 1, 2 and 3, insofar as the employees had no direct relationship with Lewis & Clinch. Thus, any duty to the employees must flow from the contract between Lewis & Clinch and Knowlton, and any benefit to the employees from that contractual relationship was incidental (*see generally Artwear, Inc. v Hughes*, 202 AD2d 76, 81-82 [1994]). As a general rule, a party to a contract is not liable in tort to noncontracting third parties (*see Church*, 99 NY2d at 111; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]), and none of the exceptions to that general rule applies here (*see generally Church*, 99 NY2d at 111-112; *Espinal*, 98 NY2d at 140). With respect to any allegations of negligent misrepresentation, we further conclude that there was no special relationship between Lewis & Clinch and the employees, and Lewis & Clinch therefore owed no duty to impart correct information to them (*see H & R Project Assoc.*, 289 AD2d at 969; *United Safety of Am.*, 213 AD2d at 286). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.