ELIZABETH KAY, as Executor of SYLVIA KAY, Appellant, v SOUTHBRIDGE TOWERS, INC., et al., Respondents. KEVIN JAMES BARTH, as Executor of JOAN MARY BARTH, Appellant, v SOUTHBRIDGE TOWERS, INC., et al., Respondents. [44 NYS3d 23]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 9, 2015, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint in index No. 160803/14E and to dismiss the complaint pursuant to CPLR 3211 (a) (7) in index No. 650465/15E, unanimously affirmed, without costs.

Contrary to their contention, plaintiffs are not the shareholders of record with respect to the deceased tenant/cooperators' apartments. Stock certificates issued to the decedents were not automatically transferred to plaintiffs upon the decedents' deaths (see Matter of Levin v Department of Hous. Preserv. & Dev. of City of N.Y., 140 Misc 2d 110 [Sup Ct, NY County 1988], mod on other grounds 151 AD2d 264 [1st Dept 1989]; 9 NYCRR 1727-8.3). Nor have any family members of the decedents satisfied the requirements for succession rights (see 9 NYCRR 1727-8.2 [a]).

In plain and unambiguous language, the offering plan not only stated that no vote would be counted from apartments of which the shareholder of record was deceased and apartments as to which there were unresolved succession claims, and that "[e]states will be excluded from the vote," but also defined "Shareholders" as "those persons who are Shareholders of record of Sponsor as of the Filing Date" (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]). The decedents, not plaintiffs, were the shareholders of record on the filing date.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.