Anson v Incorporated Vil. of Freeport (2021 NY Slip Op 02266)





Anson v Incorporated Vil. of Freeport


2021 NY Slip Op 02266


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-07176
 (Index No. 8375/15)

[*1]Donald Anson, et al., appellants, 
v
Incorporated Village of Freeport, respondent.


The Law Firm of Kenneth Allen Brown, PLLC, Amityville, NY, for appellants.
Howard E. Colton, Village Attorney, Freeport, NY (Robert McLaughlin of counsel), for respondent.



DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered May 1, 2018. The order, in effect, granted the defendant's renewed motion for summary judgment dismissing the complaint and, in effect, denied the plaintiffs' renewed motion for summary judgment on the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, in effect, granting the defendant's renewed motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion, and (2) by deleting the provisions thereof, in effect, denying those branches of the plaintiffs' renewed motion which were for summary judgment on the first and second causes of action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs payable by the defendant to the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the complaint, and thereafter, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
The plaintiffs are the owners of real property on Randall Bay in the Incorporated Village of Freeport. In 1961, the plaintiffs' predecessors, who were the parents of the plaintiff June Anson, granted the Village a perpetual easement over a portion of their property, approximately 65 feet long and 10 feet wide, "to construct and maintain one underground storm water drain and one tide gate accessory thereto." In the easement agreement, the Village was also granted the right and privilege "to do whatever acts [we]re necessary and proper" in the easement premises for maintaining and operating the storm water drain and tide gate. The easement agreement did not assign any responsibility for maintenance of the easement premises to the property owners.
After the easement agreement was executed in 1961, a drain pipe was installed which extended from the roadway over the easement premises into Randall Bay. The pipe was encased in a wooden bulkhead. In or about 1987 or 1988, the Village replaced the drain pipe and the wooden bulkhead, which "cradl[ed]" the drain pipe. The bulkhead has since deteriorated, causing numerous sinkholes in the easement area.
The plaintiffs, by various letters, requested that the Village repair the bulkhead. By [*2]letter dated September 24, 2014, the Village Attorney informed the plaintiffs of the Village's position that, under the easement agreement, the Village was only responsible for "the drain and its cover," and was not responsible for the bulkhead. The plaintiffs thereafter served the Village with a notice of claim and commenced the instant action against it. In the first and second causes of action, the plaintiffs sought, respectively, a judgment declaring that the Village is required to maintain the easement premises, including the bulkhead, in a proper and safe condition, and an injunction requiring the Village to do so. The third cause of action sought further injunctive relief related to the bulkhead and drainage of storm water.
The Village made a renewed motion for summary judgment dismissing the complaint, and the plaintiffs made a renewed motion for summary judgment on the complaint. In an order entered May 1, 2018, the Supreme Court, in effect, granted the Village's motion and, in effect, denied the plaintiffs' motion. The plaintiffs appeal.
As an initial matter, there is no merit to the Village's contention, raised as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; Astoria Landing, Inc. v New York City Council, 186 AD3d 1593, 1595), that the instant action was time-barred. An action for declaratory relief accrues when there is a bona fide, justiciable controversy between the parties (see CPLR 3001; Zwarycz v Marnia Constr., Inc., 102 AD3d 774, 776). "A dispute matures into a justiciable controversy when a plaintiff receives direct, definitive notice that the defendant is repudiating his or her rights" (Zwarycz v Marnia Constr., Inc., 102 AD3d at 776). Here, contrary to the Village's contention, neither the lack of response to the plaintiffs' letters requesting repairs nor a letter written to the plaintiffs in 2010 by the Village's Superintendent of Public Works provided definitive notice of the Village's position regarding its responsibility pursuant to the easement agreement (see Bianchi Indus. Servs., LLC v Village of Malone, 41 AD3d 999, 1002). Rather, such direct, definitive notice was given by the September 24, 2014 letter of the Village Attorney, and it is undisputed that the action was timely commenced when measured from that accrual date.
As to the merits of the plaintiffs' claims, contrary to the Supreme Court's determination, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the first and second causes of action. The plaintiffs' evidence demonstrated, prima facie, that the bulkhead was an integral part of the storm water drainage system currently maintained by the Village on the easement premises. Inasmuch as the easement agreement did not place affirmative responsibility for maintenance of those premises upon the owners of the servient estate, it was the Village's obligation to maintain the bulkhead (see Tagle v Jakob, 97 NY2d 165, 168; Raksin v Crown-Kingston Realty Assoc., 254 AD2d 472, 473). In opposition, the Village's submissions, including the conclusory affidavit of its expert, failed to raise a triable issue of fact. Accordingly, the plaintiffs were entitled to a judgment declaring that the Village is required to maintain the easement premises, including the bulkhead, in a proper and safe condition, and an injunction requiring the Village to do so. For the same reasons, the Village's renewed summary judgment motion should have been denied with respect to the first and second causes of action.
However, the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law on the third cause of action, which sought to enjoin the Village from removing the bulkhead in whole or in part and from "configuring the Storm Water Pipe and Tide Gate so as to allow water to drain directly onto any portion" of the plaintiffs' property. To demonstrate their entitlement to a permanent injunction, the plaintiffs were required to show "a 'violation of a right presently occurring, or threatened and imminent,' that [they had] no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in [their] favor" (Caruso v Bumgarner, 120 AD3d 1174, 1175, quoting Elow v Svenningsen, 58 AD3d 674, 675). Here, the plaintiffs did not make any evidentiary showing that the Village had undertaken any action toward, or even contemplated, removing the bulkhead or allowing water to drain directly onto their property. Indeed, the plaintiffs did not address the third cause of action in their motion papers, other than to generally request an award of summary judgment thereon. Thus, the plaintiffs failed to demonstrate, prima facie, "a 'violation of a right presently occurring, or threatened and imminent,'" so as to establish their entitlement to judgment [*3]as a matter of law on the third cause of action (Caruso v Bumgarner, 120 AD3d at 1175, quoting Elow v Svenningsen, 58 AD3d at 675). Similarly, the Village failed to offer any evidence to affirmatively demonstrate its prima facie entitlement to judgment as a matter of law dismissing that cause of action, and thus, that branch of its renewed motion which was for summary judgment dismissing the cause of action should have been denied.
Accordingly, we remit the matter to the Supreme Court, Nassau County, for further proceedings on the complaint, and since this is, in part, a declaratory judgment action, for the entry of a judgment thereafter, inter alia, declaring that the Village is required to maintain the easement premises, including the bulkhead, in a proper and safe condition (see Lanza v Wagner, 11 NY2d 317, 334; Citimortgage, Inc. v Caldaro, 145 AD3d 851, 854).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court