Trump Vil. Section 4, Inc. v Young (2023 NY Slip Op 03035)

Trump Vil. Section 4, Inc. v Young

2023 NY Slip Op 03035

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-00526
 (Index No. 503874/18)

[*1]Trump Village Section 4, Inc., respondent-appellant,
v
Stephen Young, etc., et al., appellants-respondents.

Sanford F. Young, New York, NY, for appellants-respondents.
Malvina Lin, P.C., Brooklyn, NY, for respondent-appellant.

DECISION & ORDER
In an action, inter alia, for a judgment declaring the parties' respective rights to a certain cooperative apartment, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 28, 2021. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint and with respect to their first and second counterclaims. The order, insofar as cross-appealed from, denied the plaintiff's cross-motion for summary judgment on the complaint and dismissing the defendants' counterclaims.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff is a housing corporation that owns an apartment complex located on West 5th Street in Brooklyn. Previously, the plaintiff was organized and operated as a limited-profit housing corporation pursuant to the Mitchell-Lama Law (Private Housing Finance Law art II) from the 1960s until June 2007, when it completed the process of dissolution and reconstitution as a market-rate housing corporation no longer subject to the Mitchell-Lama Law. Prior to the plaintiff reconstituting as a market-rate housing corporation, the decedent Julius Young (hereinafter Julius) was the last shareholder of record of a certain cooperative apartment located in the plaintiff's building on West 5th Street (hereinafter the subject cooperative apartment). Following Julius's death on July 1, 2005, his son, the defendant Stephen Young (hereinafter Stephen), who allegedly had been residing in the subject cooperative apartment continuously since June 1964 up to and including the time of his father's death, purportedly applied pursuant to 9 NYCRR 1727-8.2 through the plaintiff for succession rights to the subject cooperative apartment from the New York State Division of Housing and Community Renewal (hereinafter DHCR).
There is no record, written or otherwise, of DHCR approving a succession application for Stephen. Despite this, in August 2007, following the plaintiff's reconstitution as a market-rate housing corporation, the plaintiff issued a new stock certificate and proprietary lease in the names of Pearl Young and Julius, Stephen's deceased parents, with respect to the subject cooperative apartment. The plaintiff then accepted maintenance payments from Stephen for more than 10 years before commencing this action, and referred to Stephen as "Shareholder" in correspondence dated April 21, 2016. Emily Moran, a former resale manager for the plaintiff, testified at a deposition that [*2]she handled succession applications for the plaintiff from May 2005 through January 8, 2007. Moran further testified that based upon the documentation submitted by Stephen and received by the plaintiff as of December 4, 2006, a date prior to the plaintiff's reconstitution, Stephen's application was complete, and Moran would have "immediately" put together a succession application and sent it to DHCR. Moran also testified that the succession application would have been filled out by her, not by Stephen, and that Stephen would not have been copied on correspondence concerning the application between the plaintiff and DHCR, including any notice from DHCR that the succession application had been approved. Fern Riback, a former manager for the plaintiff, testified at a deposition that the plaintiff honored completed succession applications which were made prior to the finalization of the reconstitution, which included applications that were still pending a DHCR determination in late December 2006 and early January 2007.
Igor Oberman, who became the plaintiff's manager in 2015, searched for and found certain records relating to the subject cooperative apartment, but did not find a final determination from DHCR granting succession rights to Stephen. At a deposition, Oberman admitted that some records were misplaced and, in an affidavit, acknowledged that some documents had been lost during Superstorm Sandy. Oberman testified at his deposition that the documents he had been able to locate, which included the stock certificate, the proprietary lease, income affidavits from Stephen, and correspondence dated between June 2006 and December 4, 2006, between Stephen's brother, Sanford F. Young, and Riback and Moran, were those that had been digitally scanned to a server used by the plaintiff. However, Oberman also indicated that not all documents in each physical file had been scanned and that he "wasn't able to locate the folder for this file—for this unit," noting further that the plaintiff had more than 1,500 files for the apartment complex, "so we could not locate it." Moreover, the defendants' request to DHCR for a copy of the succession application under the Freedom of Information Law (Public Officers Law art. 6) was denied because records concerning the now-privatized plaintiff were no longer maintained by DHCR.
Finally, although the stock certificate issued to Stephen in August 2007 named his deceased parents as the shareholders of the subject cooperative apartment, Riback testified that the plaintiff's attorneys told management to process the stock certificates exactly as they existed prior to reconstitution, and that the certificates could be corrected after reconstitution became final.
On October 31, 2016, Stephen, who claimed that he still resided at the subject cooperative apartment, and Sanford F. Young submitted a transfer application to the plaintiff for them to be named on the stock certificate and occupancy agreement for the subject cooperative apartment. In response to submission of the transfer application, in February 2018, the plaintiff commenced this action for a judgment declaring that none of the defendants have any rights with regard to the subject cooperative apartment and that any occupancy by them is unlawful, and that the defendants are obligated to surrender to the plaintiff the shares of stock for the subject cooperative apartment previously owned by Julius, and upon their failure to do so, such shares shall be deemed surrendered to the plaintiff. The complaint alleged that inasmuch as DHCR never approved a duly completed application for succession rights by Stephen prior to the plaintiff's reconstituting as a market-rate housing corporation, the shares of the subject cooperative apartment were required to be surrendered to the plaintiff, and therefore, the plaintiff was the rightful owner of the subject cooperative apartment. The defendants answered and interposed several counterclaims. In their first and second counterclaims, the defendants asserted a competing claim to ownership rights to the subject cooperative apartment, based upon, inter alia, Stephen's purported succession application.
After discovery, the defendants moved for summary judgment dismissing the complaint as time-barred and on the merits, and with respect to their first and second counterclaims. The plaintiff cross-moved for summary judgment on the complaint and dismissing all of the defendants' counterclaims. The Supreme Court denied the defendants' motion and the plaintiffs' cross-motion, determining that "no party has eliminated all triable issues of fact." The defendants appeal, and the plaintiff cross-appeals.
"'An action for a declaratory judgment is generally governed by a six-year statute of limitations'" and is time-barred if commenced more than six years after it accrues (Kogut v Vilage [*3]of Chestnut Ridge, 214 AD3d 777, 779, quoting Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 931, citing CPLR 213[1]). An action for declaratory relief accrues when there is a bona fide, justiciable controversy between the parties (see CPLR 3001; Anson v Incorporated Vil. of Freeport, 193 AD3d 799, 801). A dispute matures into a justiciable controversy, as necessary for an action for declaratory relief to accrue, when a plaintiff receives direct, definitive notice that the defendant is repudiating his or her rights (see Anson v Incorporated Vil. of Freeport, 193 AD3d at 801). Here, the action accrued when the defendants submitted the transfer application to the plaintiff in October 2016, and was therefore timely commenced less than two years thereafter. Accordingly, the defendants' contention that the complaint should have been dismissed as time-barred is without merit.
Where a limited-profit housing corporation subject to the Mitchell-Lama Law completes the process of dissolution and reconstitution as a market-rate housing corporation no longer subject to the Mitchell-Lama Law, a family member of a tenant/cooperator who has died prior to the reconstitution may establish his or her rights as a shareholder in the subject apartment of the newly-created market-rate housing corporation by demonstrating that he or she satisfied the requirements for succession rights prior to the reconstitution (see 9 NYCRR 1727-8.2[a]; Costacos v Southbridge Towers, Inc., 162 AD3d 588, 588; Kay v Southbridge Towers, Inc., 145 AD3d 576, 576). Absent the approval by DHCR of a succession rights application "[w]here a tenant/cooperator has died, the lease and the shares of stock for such decedent's apartment shall be surrendered by the decedent's estate or survivors for redemption" (9 NYCRR 1727-8.3[a]).
Here, under the unique facts and circumstances of this case, the parties failed to eliminate triable issues of fact as to whether the plaintiff filed an application with DHCR on behalf of Stephen for succession rights to the subject cooperative apartment prior to the plaintiff's reconstitution as a market-rate housing corporation, and whether DHCR approved that application (see id. §§ 1727-8.2, 1727-8.3; cf. Costacos v Southbridge Towers, Inc., 162 AD3d at 588; Kay v Southbridge Towers, Inc., 145 AD3d at 576).
Accordingly, the Supreme Court correctly denied the defendants' motion for summary judgment dismissing the complaint and with respect to their first and second counterclaims, and correctly denied the plaintiff's cross-motion for summary judgment on the complaint and dismissing the defendants' counterclaims.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court