Cobblestone Lofts Condominium v Great Am. Ins. Co. (2025 NY Slip Op 04749)

 Cobblestone Lofts Condominium v Great Am. Ins. Co.

2025 NY Slip Op 04749

Decided on August 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 21, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 653189/21|Appeal No. 4265|Case No. 2024-01860|

[*1]The Cobblestone Lofts Condominium, Plaintiff-Respondent,
v
Great American Insurance Company, Defendant-Appellant, Admiral Indemnity Company et al., Defendants.

DAC Beachcroft, LLP, New York (J. Gregory Lahr of counsel), for appellant.
Sullivan & Klein, LLP, New York (Robert M. Sullivan of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered February 8, 2024, which granted plaintiff's motion for summary judgment on its second cause of action declaring that defendant Great American Insurance Company was obligated to provide coverage for plaintiff in the underlying action, unanimously affirmed, with costs.
This declaratory judgment action concerns an insurance coverage dispute arising out of alleged unintended water and moisture infiltration resulting in toxic contamination of a unit located at plaintiff's condominium building. Contrary to Great American's assertion, a justiciable controversy exists, as the potential liability in the underlying action could implicate its excess insurance coverage even before an award of damages or settlement (see Demari Servs. Inc. v Queens Medallion Brokerage Corp., 224 AD3d 497, 497-498 [1st Dept 2024], citing Long Is. Light. Co. v Allianz Underwriters Ins. Co., 35 AD3d 253, 253-254 [1st Dept 2006], appeal dismissed 9 NY3d 1003 [2007] [additional citation omitted]). The damages alleged in the underlying action range from $5 million to $50 million, higher than the floor of the Great American policy (State Farm Fire & Cas. Co. v LiMauro, 103 AD2d 514, 517—518 [2d Dept 1984], affd 65 NY2d 369 [1985]).
Great American issued a "direct, definitive notice" to plaintiff disclaiming coverage (Anson v Incorporated Village of Freeport, 193 AD3d 799, 801 [2d Dept 2021] [internal quotation marks omitted]). By letter dated September 17, 2018, Great American notified plaintiff that its policy does not afford coverage because 1) "a breach of contract is not an accident and, therefore, does not constitute an 'occurrence' under the Primary Policy or Umbrella Policy" and 2) because the "Primary Policy excludes coverage for breach of contract." Consequently, it advised plaintiff that it "will close its file on this matter."
Contrary to Great American's argument, the letter is a repudiation of plaintiff's rights. That the letter requests submission of additional information "that might impact our coverage analysis" and might trigger "further review" or that Great American's excess policy "may not" be triggered does not negate the insurer's definitive position that no coverage is available.
Given that a justiciable controversy exists, Supreme Court correctly declared that Great American will be obligated to indemnify plaintiff for any liability imposed upon it in the underlying action that is in excess of the policy issued by Admiral Indemnity Company. Plaintiff, a condominium association, is being sued in the underlying action for property damage and bodily injury allegedly caused by unintended water and moisture infiltration resulting in toxic contamination of a condominium unit. The infiltration allegedly was caused by plaintiff's breaches of its contractual obligations under its bylaws and the condominium declarations, and violations of its statutory duties under Multiple Dwelling Law § 78 and Administrative Code of the City of New York § 27-345. The Great American policy covers liability for bodily and property damage "that takes place during the Policy Period and is caused by an 'occurrence' happening anywhere . . ." The term "occurrence" is defined, in relevant part, to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Under this definition, the term "occurrence" includes within its scope continuous exposure to a harmful condition alleged, as in the underlying action, to have been caused by the insured's breaches of contract or violations of statutory or regulatory duties.
Great American argues that the alleged "bodily injury" and "property damage" were caused by plaintiff's breaches of its bylaws and condominium declarations, and not by an accident. That tortured interpretation renders the word "accident" meaningless. In an insurance policy, the word "accident" is given its commonly understood meaning (see Michaels v City of Buffalo, 85 NY2d 754, 757 [1995]). Great American cannot recast that meaning by arguing that damages were caused by the insured's alleged breaches of contract. Notably, the policy defines "accident" to include "continuous or repeated exposure to substantially the same general harmful conditions," which is exactly what is alleged in the underlying action.
Accordingly, while plaintiff's liability in the underlying action remains in dispute, Supreme Court properly declared that any damages above the floor and within the limits of the Great American policy for which plaintiff may ultimately be found liable in that action will be covered by the Great American policy. No issue of fact needs to be resolved in the underlying action in order to determine whether coverage is available under the policy.
Finally, the contractual liability exclusion of Admiral's primary policy, to which the Great American policy follows form, does not apply. The primary policy excludes claims for bodily injury or property damage which the insured is obligated to pay "by reason of the assumption of liability in a contract or agreement." The exclusion applies when the insured assumes liability through an indemnification agreement, which is not at issue here (see General Util. v Interboro Mut. Indem. Ins. Co., 117 AD2d 647, 647 [2d Dept 1986]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 21, 2025