Weaver v Krakoviak (2026 NY Slip Op 00937)

Weaver v Krakoviak

2026 NY Slip Op 00937

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-02360
2024-02366
 (Index No. 57/22)

[*1]Everette Weaver, appellant, 
vKimberly Ann Krakoviak, etc., et al., respondents.

Everette Weaver, Hopewell Junction, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith and Jason St. John of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to Real Property Law § 329 to cancel of record an assignment of a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated February 21, 2023, and (2) an order of the same court dated August 31, 2023. The order dated February 21, 2023, granted the motion of the defendant Brandon D. Lewis pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The order dated August 31, 2023, granted the motion of the defendants Kimberly Ann Krakoviak and CitiMortgage, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the orders are affirmed, with one bill of costs.
On August 28, 2008, the plaintiff, Everette Weaver, among others, executed and delivered to All American Home Mortgage Corp. a note, which was secured by a mortgage on real property located in Brooklyn (hereinafter the subject mortgage). The subject mortgage was recorded on September 10, 2008. Thereafter, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for All American Home Mortgage Corp., assigned the subject mortgage to the defendant CitiMortgage, Inc. (hereinafter CitiMortgage). The assignment of mortgage was signed on June 16, 2009, by the defendant Kimberly Ann Krakoviak, a Vice President for MERS, nominee for All American Home Mortgage Corp., and her signature on the assignment of mortgage was acknowledged before a notary, the defendant Brandon D. Lewis.
In July 2009, CitiMortgage commenced an action against Weaver, among others, to foreclose the subject mortgage. Thereafter, in an order dated September 26, 2016, the Supreme Court, inter alia, granted those branches of CitiMortgage's motion which were for leave to enter a default judgment against Weaver and for an order of reference. The order dated September 26, 2016, was affirmed by this Court by decision and order dated September 1, 2021 (see Citimortgage, Inc. v Weaver, 197 AD3d 1087). In another decision and order dated September 1, 2021, this Court affirmed an order of the Supreme Court dated April 12, 2019, determining that "the record supports the Supreme Court's conclusion that [Weaver] had forfeited the right to free access to the courts by abusing the judicial process, and, therefore, properly enjoined him from filing any additional papers in [the foreclosure] action without prior court approval" (Citimortgage, Inc. v Weaver, 197 AD3d [*2]1090, 1091). In December 2019, CitiMortgage moved to confirm a referee's report and for a judgment of foreclosure and sale, and in June 2022, an order and judgment of foreclosure and sale was entered.
In or about February 2022, Weaver commenced this action against the defendants, asserting three causes of action. The first cause of action sought to cancel of record the assignment of mortgage pursuant to Real Property Law § 329. The second cause of action sought a judgment declaring that the assignment of mortgage is a void instrument. The third cause of action sought a judgment declaring that if a prior mortgage against the property previously given by a prior owner was not satisfied, the subject mortgage was junior to that prior mortgage.
CitiMortgage and Krakoviak moved, and Lewis separately moved, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them on the grounds, among others, that the action was time-barred and for failure to state a cause of action. In an order dated February 21, 2023, the Supreme Court granted Lewis's motion. In an order dated August 31, 2023, the court granted the motion of CitiMortgage and Krakoviak, concluding that the complaint was time-barred insofar as asserted against them. The plaintiff appeals.
"In resolving a motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference" (Covert Holdings, LLC v 1019 Irving Realty, LLC, 206 AD3d 691, 692; see Sibrian v 244 Madison Realty Corp., 210 AD3d 1029, 1031). On such a motion, "the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Sibrian v 244 Madison Realty Corp., 210 AD3d at 1031). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Griffin v Perrotti, 121 AD3d 1041, 1042; see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 970-971).
Here, the Supreme Court erred in granting those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action insofar as asserted against each of them as time-barred. The holder of legal title to the property, is "presumptively entitled to possession" (Orange & Rockland Util., Inc. v Philwold Estates, 52 NY2d 253, 261; see RPAPL 311), and the first and second causes of action both seek to remove the cloud on title resulting from the allegedly fraudulent and/or invalid assignment of mortgage. "[W]here a plaintiff seeks to remove a cloud on title, the right to such relief 'is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise'" (Panarese v Claudio, 216 AD3d 660, 662, quoting Faison v Lewis, 25 NY3d 220, 229; see Mostafa v Pension Solutions, LLC, 221 AD3d 997, 998). Therefore, the defendants failed to establish, prima facie, that the first and second causes of action were time-barred insofar as asserted against each of them.
However, the Supreme Court properly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the third cause of action insofar as asserted against each of them as time-barred. "An action for a declaratory judgment is generally governed by a six-year statute of limitations and is time-barred if commenced more than six years after it accrues" (Trump Vil. Section 4, Inc. v Young, 217 AD3d 711, 714 [internal quotation marks omitted]; see CPLR 213[1]). Here, the third cause of action accrued when the subject mortgage was recorded on September 10, 2008. Since this action was not commenced until 2022, the defendants demonstrated, prima facie, that the third cause of action was time-barred insofar as asserted against each of them (see generally Wells Fargo Bank, N.A. v Green, 227 AD3d 842, 843; HSBC Bank USA, N.A. v Parker, 180 AD3d 1026, 1029). In opposition, Weaver failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable or whether the action was actually commenced within the applicable limitations period (see Wells Fargo Bank, N.A. v Green, 227 AD3d at 843).
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the pleading is afforded a liberal construction (see id. § 3026) and the court must give the plaintiff the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). However, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Maas v Cornell Univ., 94 NY2d 87, 91 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11). "When evidentiary material is considered, the criterion is whether the [plaintiff] has a cause of action, not whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d at 88).
With respect to the first and second causes of action, Weaver failed to state a cause of action. Weaver's conclusory allegations that the assignment of mortgage was fraudulent in that it was backdated and forged and that Krakoviak lacked the authority to execute the assignment of mortgage were insufficient to state a cause of action (see Izmirligil v Steven J. Baum, P.C., 180 AD3d 767, 770).
We do not reach Weaver's contention regarding that branch of his motion which was for leave to enter a default judgment against CitiMortgage, since that branch of the motion was not determined in the order dated August 31, 2023, and remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court